09-4336-cv
Volmar v. Cold Spring Hills Ctr. for Nursing & Rehab.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 12th day of October, two thousand ten.

PRESENT: ROBERT D. SACK,
BARRINGTON D. PARKER,
REENA RAGGI,
*Circuit Judges.*

------------------------------------------------------------------------
MYRLANDE VOLMAR,
*Plaintiff-Appellant*,

v.                                                      No. 09-4336-cv

COLD SPRING HILLS CENTER
FOR NURSING AND REHABILITATION,
*Defendant-Appellee*.
------------------------------------------------------------------------

APPEARING FOR APPELLANT:     MYRLANDE VOLMAR, *pro se*, Queens Village, New York.

APPEARING FOR APPELLEE:      ELANA BEN-DOV, Peckar & Abramson, P.C., River Edge, New Jersey.

Appeal from the United States District Court for the Eastern District of New York

(Joanna Seybert, *Judge*).

1

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on September 16, 2009, is AFFIRMED.

Pro se plaintiff Myrlande Volmar, who sued defendant Cold Spring Hills Center for Nursing and Rehabilitation under federal and state law for disability discrimination in employment, appeals that part of a summary judgment award that dismissed her New York State Human Rights Law ("NYSHRL") disability discrimination claims. See N.Y. Exec. Law § 296.[1] Specifically, Volmar argues that the district court should have declined to exercise supplemental jurisdiction and dismissed her NYSHRL claims without prejudice. We review the district court's award of summary judgment de novo, and we will affirm only if the record, viewed in the light most favorable to the nonmoving party, reveals no genuine issue of material fact. See Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986); Redd v. Wright, 597 F.3d 532, 535-36 (2d Cir. 2010). We review a district court's decision to exercise supplemental jurisdiction for abuse of discretion. See Spiegel v. Schulmann, 604 F.3d 72, 78 (2d Cir. 2010). We assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

Volmar contends that the district court erred by granting summary judgment on her NYSHRL claims without comment. The district court thoroughly analyzed Volmar's Title VII and Americans with Disabilities Act ("ADA") claims without discussing those raised

---

[1] As Volmar does not appeal the district court's grant of summary judgment on her Title VII and Americans with Disabilities Act claims, we deem all arguments with respect to these causes of action waived. See, e.g., Nationwide Mut. Ins. Co. v. Mortensen, 606 F.3d 22, 28-29 (2d Cir. 2010).

under the NYSHRL. No matter. On appeal, we may "affirm the district court's judgment on any ground appearing in the record." ACEquip Ltd. v. Am. Eng'g Corp., 315 F.3d 151, 155 (2d Cir. 2003). Here, Volmar concedes that the district court correctly determined that her ADA claims fail because she did not adduce evidence raising a material issue of fact regarding defendant's knowledge of her disability. Her NYSHRL claims necessarily fail for the same reason. See Kinneary v. City of New York, 601 F.3d 151, 158 (2d Cir. 2010) (noting that "same elements" must be proved to establish ADA or NYSHRL disability claims); see also Raytheon Co. v. Hernandez, 540 U.S. 44, 54 n.7 (2003) (noting the impossibility of an employer basing an adverse employment decision on disability if it were "truly unaware that [] a disability existed"); Brown v. Pension Bds., 488 F. Supp. 2d 395, 406 (S.D.N.Y. 2007) (granting summary judgment on NYSHRL and ADA claims when defendant was unaware of plaintiff's disability).[2] Accordingly, we identify no error in the district court's decision to exercise supplemental jurisdiction over the NYSHRL claims and to enter summary judgment in favor of defendant.

We have considered Volmar's other arguments on appeal and conclude that they are without merit. Accordingly, the September 16, 2009 judgment of the district court is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

---

[2] Volmar's assertions regarding the timeliness of her NYSHRL claims are misplaced as the district court did not base its decision on statute of limitations grounds.

3