■ Jennifer Tibbetts, Appellant, v Pelham Union Free School District, Respondent, et al., Defendant. [39 NYS3d 195]—

In an action, inter alia, to recover damages for employment discrimination on the basis of disability in violation of Executive Law § 296, the plaintiff appeals from an order of the Supreme Court, Westchester County (Smith, J.), dated October 22, 2014, which granted the motion of the defendant Pelham Union Free School District for summary judgment dismissing the amended complaint insofar as asserted against it.

Ordered that the order is affirmed, with costs.

The plaintiff was employed as a probationary music teacher by the defendant Pelham Union Free School District (hereinafter the defendant). The plaintiff was subsequently fired from that position, and she commenced this action to recover damages for, among other things, employment discrimination on the basis of disability in violation of Executive Law § 296. The plaintiff alleged that she was injured in a slip-and-fall accident

and was unable to work for approximately a week while she recovered from her injuries. The plaintiff further alleged that the accident left her disabled, and approximately two weeks after she returned to work, she was fired because of her disability.

The defendant moved for summary judgment dismissing the amended complaint insofar as asserted against it. The defendant submitted evidence that it terminated the plaintiff's employment due to an unusually large number of documented complaints from parents about her interactions with students, which began shortly after the plaintiff was hired and continued throughout the course of her employment. The defendant also submitted evidence that it had no notice of the plaintiff's alleged disability at the time that she was fired. The Supreme Court granted the defendant's motion. We affirm.

The New York State Human Rights Law states that "[i]t shall be an unlawful discriminatory practice . . . [f]or an employer . . . because of an individual's . . . disability . . . to discharge from employment such individual" (Executive Law § 296 [1] [a]). At trial, to establish a prima facie violation of Executive Law § 296 (1) (a), a plaintiff must show that (1) he or she is a member of a protected class; (2) he or she was qualified to hold the position; (3) he or she was terminated from employment or suffered another adverse employment action; and (4) the discharge or other adverse action occurred under circumstances giving rise to an inference of discrimination (*see Forrest v Jewish Guild for the Blind*, 3 NY3d 295, 305 [2004]; *Ferrante v American Lung Assn.*, 90 NY2d 623, 629 [1997]; *Lester v New York State Off. of Parks, Recreation & Historic Preserv.*, 139 AD3d 767, 768 [2016]). "In the context, however, of a defendant's motion for summary judgment, the defendant need only establish, prima facie, the absence of any of these elements" (*Singh v Covenant Aviation Sec., LLC*, 131 AD3d 1158, 1159 [2015]; *see Forrest v Jewish Guild for the Blind*, 3 NY3d at 305; *Furfero v St. John's Univ.*, 94 AD3d 695, 697 [2012]). "In connection with the fourth element, a defendant, upon offering legitimate, nondiscriminatory reasons for the challenged action, is also required to demonstrate the absence of a triable issue of fact as to whether its explanation for its termination of the plaintiff's employment was pretextual" (*Singh v Covenant Aviation Sec., LLC*, 131 AD3d at 1159; *see Forrest v Jewish Guild for the Blind*, 3 NY3d at 305; *Furfero v St. John's Univ.*, 94 AD3d at 697).

Here, the defendant met its burden on its motion for summary judgment of offering legitimate, nonpretextual reasons

for terminating the plaintiff's employment (*see Forrest v Jewish Guild for the Blind,* 3 NY3d at 305; *Moise v Uptown Communications & Elec., Inc.,* 134 AD3d 782, 782-783 [2015]). Contrary to the plaintiff's contention, the temporal proximity between the alleged onset of her disability and her discharge does not give rise to an inference of discrimination in this case since the defendant demonstrated that it had no knowledge of the plaintiff's alleged disability at the time that she was fired (*see Matter of Gentili v State Div. of Human Rights,* 106 AD2d 742, 742 [1984]; *see also Raytheon Co. v Hernandez,* 540 US 44, 54 n 7 [2003]; *Volmar v Cold Spring Hills Ctr. for Nursing & Rehabilitation,* 395 Fed Appx 795, 796 [2d Cir 2010]; *Brown v The Pension Bds.,* 488 F Supp 2d 395, 406 [SD NY 2007]; *Barnett v Revere Smelting & Ref. Corp.,* 67 F Supp 2d 378, 392 [SD NY 1999]; *cf. La Marca-Pagano v Dr. Steven Phillips, P.C.,* 129 AD3d 918 [2015]).

In opposition, the plaintiff failed to raise a triable issue of fact. The plaintiff's submissions failed to raise an issue of fact as to whether the defendant's explanation for her termination "was false, misleading, or incomplete" (*Browne v Board of Educ.,* 122 AD3d 563, 563-564 [2014]). Furthermore, the plaintiff's affidavit, which was submitted in opposition to the defendant's motion, failed to raise a triable issue of fact since it was based on speculation (*see Garcia v Lenox Hill Florist III, Inc.,* 120 AD3d 1296, 1297 [2014]) and presented what appear to be feigned issues of fact designed to avoid the consequences of her earlier deposition testimony (*see Lesaldo v Dabas,* 140 AD3d 708, 710 [2016]; *Ackerman v Iskhakov,* 139 AD3d 987, 988 [2016]; *Bryant v Loft Bookstore Caffe, LLC,* 138 AD3d 664, 666 [2016]).

Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the amended complaint insofar as asserted against it. Dillon, J.P., Miller, Duffy and LaSalle, JJ., concur.