D'Agostino v MMC E., LLC (2020 NY Slip Op 03381)





D'Agostino v MMC E., LLC


2020 NY Slip Op 03381


Decided on June 17, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 17, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
LEONARD B. AUSTIN
ROBERT J. MILLER
LINDA CHRISTOPHER, JJ.


2017-07545
 (Index No. 31586/13)

[*1]Janet L. D'Agostino, appellant, 
v
MMC East, LLC, etc., et al., respondents.


Janet L. D'Agostino, Melville, NY, appellant pro se.
Jackson Lewis P.C., Melville, NY (Jeffrey M. Schlossberg and Joseph J. DiPalma of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for employment discrimination on the basis of disability in violation of Executive Law § 296, the plaintiff appeals from an order of the Supreme Court, Suffolk County (W. Gerard Asher, J.), dated April 27, 2017. The order, insofar as appealed from, granted those branches of the defendants' motion which were for summary judgment dismissing the first and second causes of action in the amended complaint insofar as asserted against the defendant MMC East, LLC, doing business as Porsche of Huntington.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In March 2011, the defendant MMC East, LLC, doing business as Porsche of Huntington (hereinafter POH), acquired the dealership at which the plaintiff had been working as a receptionist since approximately 2007. At the time of the acquisition, POH hired the plaintiff to continue working for it as a receptionist.
On July 25, 2013, POH terminated the plaintiff's employment after issuing her three "Employee Warning Report[s]." The first warning report, dated July 11, 2012, related to repeated tardiness and the failure to dress appropriately. The second warning report, dated July 11, 2013, emanated from a "Mystery Shopping report" relating to the plaintiff's failure to greet the anonymous customer, who had been engaged by POH's franchisor to critique the service provided at the dealership. The third warning report was issued on July 25, 2013, for the plaintiff's failure to know where a certain member of the sales staff was when POH's sales manager phoned the dealership asking to speak with that person.
While employed by POH, the plaintiff took a leave of absence following a severe allergic reaction to painting being performed at the dealership. This first leave of absence occurred from September 17, 2012, until November 27, 2012. Subsequently, the plaintiff was absent from work from June 19, 2013, through June 27, 2013, due to the death of her mother. Upon advising POH that she was ready to return to work at the end of June 2013, she was informed that the dealership was again being painted, and that she should remain home for an additional period of time, which extended this second leave of absence. The plaintiff returned to work on July 5, 2013. The plaintiff was terminated approximately three weeks after returning to work from her second [*2]leave of absence.
The plaintiff commenced this action against POH, among others, alleging, inter alia, employment discrimination on the basis of an actual or perceived disability in violation of the New York State Human Rights Law (see Executive Law § 296). The defendants moved for summary judgment dismissing the amended complaint. The Supreme Court granted the defendants' motion, and the plaintiff appeals from so much of the order as granted those branches of the defendants' motion which were for summary judgment dismissing the first and second causes of action in the amended complaint, which sought to recover damages for employment discrimination on the basis of disability in violation of Executive Law § 296, insofar as asserted against POH.
The New York State Human Rights Law (see Executive Law § 296) prohibits discrimination in employment on the basis of an individual's age, race, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic characteristics, marital status, or domestic violence victim status (see Executive Law § 296[1][a]). To establish a prima facie violation of this provision, a plaintiff must show at trial that (1) he or she is a member of a protected class, (2) he or she was qualified to hold the subject position, (3) he or she was terminated from employment or suffered another adverse employment action, and (4) the discharge or other adverse action occurred under circumstances giving rise to an inference of discrimination (see Forrest v Jewish Guild for the Blind, 3 NY3d 295, 305; Cotterell v State of New York, 129 AD3d 653, 654).
When a defendant moves for summary judgment dismissing a cause of action alleging employment discrimination pursuant to Executive Law § 296, "the defendant need only establish, prima facie, the absence of any of these elements" (Singh v Covenant Aviation Sec., LLC, 131 AD3d 1158, 1159; see Tibbetts v Pelham Union Free Sch. Dist., 143 AD3d 806, 807). "In connection with the fourth element, a defendant, upon offering legitimate, nondiscriminatory reasons for the challenged action, is also required to demonstrate the absence of a triable issue of fact as to whether its explanation for its termination of the plaintiff's employment was pretextual" (Singh v Covenant Aviation Sec., LLC, 131 AD3d at 1159; see Tibbetts v Pelham Union Free Sch. Dist., 143 AD3d at 807).
Here, the defendants satisfied their burden on those branches of their motion which were for summary judgment dismissing the first and second causes of action in the amended complaint insofar as asserted against POH by establishing a legitimate, nonpretextual reason for the termination of the plaintiff's employment. Specifically, they presented evidence that the plaintiff had been issued a warning for repeated tardiness and failure to dress in appropriate attire. They also presented evidence that, as a receptionist, the plaintiff, among other things, was responsible for greeting customers in a friendly manner and maintaining the "ups" rotation, which required knowledge of sales consultants' attendance and availability, and had failed to perform these job responsibilities on two occasions.
The burden then shifted to the plaintiff to demonstrate the existence of a triable issue of fact as to whether the reasons given for the termination of her employment were pretextual (see Singh v Covenant Aviation Sec., LLC, 131 AD3d at 1160). The plaintiff failed to raise a triable issue of fact in this regard (see Cotterell v State of New York, 129 AD3d at 653). Further, the plaintiff presented no evidence that her actual or perceived disability played a role in POH's decision to terminate her employment (see Singh v Covenant Aviation Sec., LLC, 131 AD3d at 1160).
Accordingly, we agree with the Supreme Court's determination granting those branches of the defendants' motion which were for summary judgment dismissing the first and second causes of action in the amended complaint insofar as asserted against POH.
CHAMBERS, J.P., AUSTIN, MILLER and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court