Domitz v City of Long Beach (2020 NY Slip Op 05723)





Domitz v City of Long Beach


2020 NY Slip Op 05723


Decided on October 14, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 14, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JEFFREY A. COHEN
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON, JJ.


2018-08604
 (Index No. 607125/17)

[*1]Howard A. Domitz, respondent-appellant,
v
City of Long Beach, appellant-respondent.


Simone M. Freeman, Corporation Counsel, Long Beach, NY (Richard A. Berrios of counsel), for appellant-respondent.
Schaefer Law Group, P.C., Smithtown, NY (Wayne J. Schaefer of counsel), for respondent-appellant.



DECISION & ORDER
In an action, inter alia, to recover damages for employment discrimination on the basis of age in violation of Executive Law § 296, the defendant appeals, and the plaintiff cross-appeals, from an order of the Supreme Court, Nassau County (Sharon M.J. Gianelli, J.), entered May 3, 2018. The order, insofar as appealed from, denied that branch of the defendant's motion which was pursuant to CPLR 3211(a) to dismiss the first cause of action. The order, insofar as cross-appealed from, granted those branches of the defendant's motion which were pursuant to CPLR 3211(a) to dismiss the second through sixth causes of action.
ORDERED that the order is reversed insofar as appealed from, on the law, and that branch of the defendant's motion which was pursuant to CPLR 3211(a) to dismiss the first cause of action is granted; and it is further,
ORDERED that the order is affirmed insofar as cross-appealed from; and it is further,
ORDERED that one bill of costs is awarded to the defendant.
The plaintiff, a police officer who worked for the defendant, City of Long Beach, from February 27, 1978, until his retirement on April 27, 2012, commenced this action, inter alia, to recover damages for employment discrimination on the basis of age in violation of Executive Law § 296, and to recover damages for breach of a collective bargaining agreement dated July 1, 2003, which expired on June 30, 2008 (hereinafter the CBA). Following the expiration of the CBA, and after negotiations between the City and the Long Beach Police Benevolent Association, Inc. (hereinafter the PBA), for a successor agreement reached an impasse, the PBA petitioned the New York State Public Employment Relations Board for compulsory interest arbitration. On May 29, 2013, after numerous hearings at which the City presented evidence of "statistical data concerning deficits, tax rates, unemployment data and tax revenues," an arbitration award was issued which, among other things, provided for a base salary increase ranging from 2.75% to 3.75% for City police officers for the period between July 1, 2008, and June 30, 2015. Pursuant to the arbitration award, the plaintiff received a lump sum payment in January 2014, of retroactive wage increases for the [*2]hours that he worked between July 1, 2008, and the date of his retirement. No proceeding has been commenced pursuant to CPLR article 75 to set aside the arbitration award.
In an amended complaint, the plaintiff alleged that pursuant to paragraph 23(e) of the CBA, upon his retirement in April 2012—prior to the issuance of the arbitration award—he elected to receive a "Separation Payout," which consisted of unused sick leave, termination pay, and personal leave, in equal, bi-weekly installments, to be paid in full within five years of his retirement. According to the plaintiff, at the time of his retirement, it was the "past practice" of the City to recalculate the Separation Payout to incorporate any wage increases promulgated after the "commencement of the Separation Payout schedule," and that the City refused to recalculate his Separation Payout based on the terms of the arbitration award. The plaintiff also alleged that he was entitled to reimbursement for certain out-of-pocket medical expenses under the CBA, and that the City refused to reimburse him for such expenses.
The City subsequently moved pursuant to CPLR 3211(a) to dismiss the amended complaint. In an order entered May 3, 2018, the Supreme Court denied that branch of the City's motion which was pursuant to CPLR 3211(a) to dismiss the first cause of action alleging employment discrimination on the basis of age in violation of Executive Law § 296 based upon the City's refusal to recalculate the plaintiff's Separation Payout, but granted those branches of the City's motion which were to dismiss the remaining causes of action in the amended complaint. The City appeals, and the plaintiff cross-appeals.
"A motion pursuant to CPLR 3211(a)(1) to dismiss a complaint on the ground that a defense is founded on documentary evidence 'may be appropriately granted only where the documentary evidence utterly refutes [the] plaintiff's factual allegations, conclusively establishing a defense as a matter of law'" (S & J Serv. Ctr., Inc. v Commerce Commercial Group, Inc., 178 AD3d 977, 978, quoting Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326). "On a motion pursuant to CPLR 3211(a)(7) to dismiss a complaint for failure to state a cause of action, the court must accept the facts alleged in the complaint as true, accord the plaintiff the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Pacific W., Inc. v E & A Restoration, Inc., 178 AD3d 834, 835; see Leon v Martinez, 84 NY2d 83, 87-88). When "evidentiary material is submitted and considered on a motion pursuant to CPLR 3211(a)(7), and the motion is not converted into one for summary judgment, the question becomes whether the plaintiff has a cause of action, not whether the plaintiff has stated one, and the motion should not be granted unless the movant can show that a material fact as claimed by the plaintiff is not a fact at all and unless it can be said that no significant dispute exists regarding it" (Pacific W., Inc. v E & A Restoration, Inc., 178 AD3d at 835).
To state a cause of action to recover for employment discrimination on the basis of age under a disparate impact theory, the plaintiff must allege that the defendant's "facially neutral practices 'fall more harshly on a protected group than on other grounds and cannot otherwise be justified'" (Mete v New York State Off. of Mental Retardation & Dev. Disabilities, 21 AD3d 288, 297 [emphasis omitted], quoting Waisome v Port Auth. of N.Y. & N.J., 948 F2d 1370, 1374 [2d Cir]). Here, the plaintiff sufficiently alleged in the amended complaint that the City's refusal to recalculate the Separation Payout for the plaintiff and other police officers who retired between July 1, 2008, and May 29, 2013, adversely impacted only retired officers over 40 years old, "while, in contrast, City police officers who were less than forty years of age as of May 29, 2013, upon their subsequent retirement, had, and will have, the wage increases included in their Separation Payout." Nevertheless, the City conclusively established that its refusal to recalculate the Separation Payout for the plaintiff was justified by submitting the arbitration award, which provided, inter alia, that based upon certain considerations including "the seriousness and scope of the economic downturn that has transpired since the fall of 2008," "that the City is facing a serious fiscal crisis," and the City's ability "to pay for the costs associated with increases in wages and improvements in benefits," that "the Separation Payouts received by PBA retirees who separated from service prior to the date [of] this Award . . . will not be recalculated based on this Award" (cf. Mete v New York State Off. of Mental Retardation & Dev. Disabilities, 21 AD3d at 297; Becker v City of New York, 249 AD2d 96, 98). Further, the plaintiff's conclusory allegation that "the City discriminated against [him] . . [*3]. because of his age" by refusing to recalculate his Separation Payout was insufficient to state a cause of action to recover damages for employment discrimination on the basis of age under a "disparate treatment" theory (see Johnson v Department of Educ. of City of N.Y., 158 AD3d 744, 746-747). Accordingly, the Supreme Court should have granted that branch of the defendant's motion which was pursuant to CPLR 3211(a) to dismiss the first cause of action alleging employment discrimination on the basis of age in violation of Executive Law § 296.
Furthermore, we agree with the Supreme Court's determination granting those branches of the defendant's motion which were pursuant to CPLR 3211(a) to dismiss the second cause of action alleging employment discrimination on the basis of age due to the City's refusal to reimburse the plaintiff for certain out-of-pocket medical expenses and to dismiss the fourth cause of action alleging breach of paragraph 22(a)(1) of the CBA based upon the City's refusal to reimburse the plaintiff for those expenses. The arbitration award eliminated the City's obligation to reimburse all "PBA members" for the out-of-pocket expenses at issue, regardless of age or retirement status, "[a]s a means of assisting the City to fund this Award." Thus, the City's submissions utterly refuted the plaintiff's allegation that its refusal to reimburse him for the subject out-of-pocket expenses gives rise to an inference of age-based discrimination and conclusively established that, pursuant to the arbitration award, which replaced the CBA, it was not required to reimburse the plaintiff for those expenses.
We also agree with the Supreme Court's determination granting that branch of the defendant's motion which was pursuant to CPLR 3211(a) to dismiss the third cause of action to recover damages for breach of the CBA based upon the City's refusal to recalculate the Separation Payout. The plaintiff failed to allege the existence of any provision in the CBA obligating the City to recalculate his Separation Payout for subsequent wage increases. Contrary to the plaintiff's contention, the Supreme Court properly declined to consider his allegation that it was the past practice of the City to recalculate the Separation Payout of retirees to account for subsequent wage increases, since "past practice, like any other form of parol evidence, . . . cannot be used to create a contractual right independent of some express source in the underlying agreement" (Matter of Aeneas McDonald Police Benevolent Assn. v City of Geneva, 92 NY2d 326, 333). In any event, the City conclusively established that the arbitration award eliminated any obligation to recalculate the plaintiff's Separation Payout to account for wage increases implemented by that award.
The parties' remaining contentions either need not be reached in light of our determination or are without merit.
Accordingly, the Supreme Court should have granted the defendant's motion pursuant to CPLR 3211(a) to dismiss the amended complaint in its entirety.
MASTRO, J.P., COHEN, DUFFY and v BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court