Ayers v Bloomberg, L.P. (2022 NY Slip Op 01762)





Ayers v Bloomberg, L.P.


2022 NY Slip Op 01762


Decided on March 16, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 16, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
VALERIE BRATHWAITE NELSON
ROBERT J. MILLER
PAUL WOOTEN, JJ.


2019-08622
 (Index No. 517214/18)

[*1]Johnna Ayers, respondent-appellant,
v
Bloomberg, L.P., et al., appellants-respondents.


Proskauer Rose LLP, New York, NY (Elise M. Bloom and Rachel S. Philion of counsel), for appellants-respondents Bloomberg, L.P., and Lawrence Diamond.
The Clancy Law Firm, P.C., New York, NY (Donna H. Clancy and Niall MacGiollabhui of counsel), for respondent-appellant.



DECISION & ORDER
In an action, inter alia, to recover damages for employment discrimination on the basis of age and sex in violation of Executive Law § 296 and Administrative Code of the City of New York § 8-107, the defendants appeal, and the plaintiff cross-appeals, from an order of the Supreme Court, Kings County (Pamela L. Fisher, J.), dated June 11, 2019. The order, insofar as appealed from, denied that branch of the defendants' motion which was pursuant to CPLR 3211(a) to dismiss the cause of action alleging age discrimination. The order, insofar as cross-appealed from, granted that branch of the defendants' motion which was pursuant to CPLR 3211(a) to dismiss the cause of action alleging sex discrimination.
ORDERED that the appeal by the defendant Michael Bloomberg is dismissed as abandoned; and it is further,
ORDERED that the order is affirmed insofar as appealed from by the defendants Bloomberg, L.P., and Lawrence Diamond, and insofar as cross-appealed from, without costs or disbursements.
The plaintiff commenced this action to recover damages for employment discrimination, and for related declaratory and injunctive relief, against the defendants Michael Bloomberg, Bloomberg, L.P., and Lawrence Diamond. The amended complaint alleges the following: In December 2009, the plaintiff was hired by Bloomberg Markets as a Consumer Marketing Director. In 2014, she was promoted to Global Head of Acquisition and Consumer Marketing. At or around that time, Diamond, the Chief Financial Officer of the Media Department, became the plaintiff's supervisor. In 2015, the position of Circulation Business Head became available. The plaintiff "advised" Diamond that "she was interested and wanted to be considered" for this position, and Diamond "made it known to [the] plaintiff and other Bloomberg employees and Executive Management that his first choice" for the position was Nicholas Ferris, who was male and a Senior Executive at Bloomberg, L.P.
In November 2015, shortly before "the announcement of the position" of [*2]Circulation Business Head, Ferris' employment was terminated. Diamond kept the position of Circulation Business Head "open without filling it until September 2016." "Upon announcing he would fill the position, . . . Diamond only considered external candidates and not [the] plaintiff." The plaintiff thereafter "resigned" from her employment with Bloomberg, L.P. The position of Circulation Business Head was filled by a "less qualified . . . female" who was younger than the plaintiff.
The amended complaint alleged sex and age discrimination in violation of the New York State Human Rights Law (Executive Law art 15; hereinafter NYSHRL) and the New York City Human Rights Law (Administrative Code of City of NY § 8-101 et seq.; hereinafter NYCHRL), based upon the defendants' alleged failure to promote the plaintiff to the position of Circulation Business Head.
The defendants moved pursuant to CPLR 3211(a)(1) and (7) to dismiss the amended complaint. In an order dated June 11, 2019, the Supreme Court denied that branch of the motion which was to dismiss the cause of action alleging age discrimination in violation of the NYSHRL and the NYCHRL, and granted that branch of the motion which was to dismiss the cause of action alleging sex discrimination in violation of the NYSHRL and the NYCHRL. The defendants Bloomberg, L.P., and Diamond (hereinafter together the appellants) appeal, and the plaintiff cross-appeals.
"When reviewing a defendant's motion to dismiss a complaint for failure to state a cause of action, a court must give the complaint a liberal construction, accept the allegations as true and provide plaintiffs with the benefit of every favorable inference" (Cortlandt St. Recovery Corp. v Bonderman, 31 NY3d 30, 38 [internal quotation marks omitted]; see Doe v Bloomberg L.P., 36 NY3d 450, 454). "Whether a plaintiff can ultimately establish its allegations is not part of the calculus in determining a motion to dismiss" (EBC I, Inc. v Goldman, Sachs & Co., 5 NY3d 11, 19; see Cortlandt St. Recovery Corp. v Bonderman, 31 NY3d at 38). "Unlike on a motion for summary judgment where the court searches the record and assesses the sufficiency of the parties' evidence, on a motion to dismiss the court merely examines the adequacy of the pleadings" (Davis v Boeheim, 24 NY3d 262, 268 [internal quotation marks omitted]; see Cortlandt St. Recovery Corp. v Bonderman, 31 NY3d at 38).
Both the NYSHRL and NYCHRL make it unlawful for an employer, as relevant here, to refuse to hire or to discriminate against an individual in compensation or in terms, conditions, or privileges of employment, because of that person's age or sex/gender (see Executive Law § 296[1][a]; Administrative Code of City of NY § 8-107[1][a][2], [3]). A plaintiff alleging discrimination in employment in violation of the NYSHRL must establish that (1) she or he is a member of a protected class, (2) she or he was qualified to hold the position, (3) she or he suffered an adverse employment action, and (4) the adverse action occurred under circumstances giving rise to an inference of discrimination (see Forrest v Jewish Guild for the Blind, 3 NY3d 295, 305; Golston-Green v City of New York, 184 AD3d 24, 36). Under the NYCHRL, the plaintiff must establish that she or he was subject to an unfavorable employment change or treated less well than other employees on the basis of a protected characteristic (see Golston-Green v City of New York, 184 AD3d at 38). Here, the parties do not dispute that the plaintiff is a member of protected classes on the basis of her sex and age, that she was qualified for the position of Circulation Business Head, or that being denied a promotion on the basis of a protected characteristic would constitute unlawful discrimination. The dispute lies in whether the amended complaint sufficiently alleges circumstances which give rise to an inference of age or sex discrimination.
The Supreme Court properly concluded that the amended complaint failed to allege facts that could give rise to an inference that the plaintiff was denied the promotion on the basis of her sex. The amended complaint alleged that Diamond "made it known" to the plaintiff and other employees that his "first choice" for the position was Ferris, but there were no allegations that the defendants had made the decision to promote Ferris to that position. Further, the amended complaint alleged that Ferris's employment was terminated before the subject [*3]position was "announced," and that the position ultimately went to a female employee. Accepting the facts as alleged in the amended complaint as true, and according the plaintiff the benefit of every favorable inference (see Leon v Martinez, 84 NY2d 83, 87), the amended complaint failed to allege circumstances giving rise to an inference of discrimination based on her sex (see Reilly v First Niagara Bank, N.A., 173 AD3d 1082; Cahill v State of N.Y. Stony Brook Univ. Hosp., 139 AD3d 779, 781; Llanos v City of New York, 129 AD3d 620; Mitchell v TAM Equities, Inc., 27 AD3d 703, 706). Accordingly, the court properly granted that branch of the defendants' motion which was pursuant to CPLR 3211(a)(7) to dismiss the cause of action alleging sex discrimination in violation of the NYSHRL and the NYCHRL.
The Supreme Court also properly denied that branch of the defendants' motion which was pursuant to CPLR 3211(a) to dismiss the cause of action alleging age discrimination in violation of the NYSHRL and the NYCHRL. Accepting the facts as alleged in the amended complaint as true, and according the plaintiff the benefit of every favorable inference, the allegations were sufficient to give rise to an inference of discrimination based upon age (see Hosking v Memorial Sloan-Kettering Cancer Ctr., 186 AD3d 58, 67; Grella v St. Francis Hosp., 149 AD3d 1046, 1048; Melman v Montefiore Med. Ctr., 98 AD3d 107, 115). The appellants' argument concerning the age of the male employee who allegedly was initially considered for the position of Circulation Business Head was improperly raised for the first time in the defendants' reply papers, and there is no indication that the plaintiff was afforded the opportunity to submit a surreply. Therefore, the argument is not properly before the Court (see Grocery Leasing Corp. v P & C Merrick Realty Co., LLC, 197 AD3d 625, 627; Gottlieb v Wynne, 159 AD3d 799, 801).
The appellants' remaining contentions either have been rendered academic in light of our determination or are without merit.
BARROS, J.P., BRATHWAITE NELSON, MILLER and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court