Margarita v Mountain Time Health, LLC (2025 NY Slip Op 04089)

Margarita v Mountain Time Health, LLC

2025 NY Slip Op 04089

Decided on July 9, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 9, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
PAUL WOOTEN
HELEN VOUTSINAS
LOURDES M. VENTURA, JJ.

2023-07450
 (Index No. 527470/22)

[*1]Emelyn Margarita, appellant, 
v
Mountain Time Health, LLC, et al., respondents.

The Law Office of Jason Tenenbaum, P.C., Melville, NY, for appellant.
Jackson Lewis, P.C., New York, NY (Mary A. Smith and Caterina Catalano of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for employment discrimination on the basis of gender in violation of the New York State Human Rights Law and the New York City Human Rights Law, the plaintiff appeals from an order of the Supreme Court, Kings County (Carolyn E. Wade, J.), dated May 31, 2023. The order granted the defendants' motion pursuant to CPLR 3211(a) to dismiss the complaint.
ORDERED that the order is affirmed, with costs.
In September 2022, the plaintiff commenced this action against the defendants, Mountain Time Health, LLC (hereinafter MTH), Saimira Golemi, and Roxann Powell, to recover damages for employment discrimination on the basis of gender in violation of the New York State Human Rights Law (hereinafter the NYSHRL) (Executive Law § 290 et seq.) and the New York City Human Rights Law (hereinafter the NYCHRL) (Administrative Code of City of NY § 8-101 et seq.). In the complaint, the plaintiff alleged that she was hired by MTH as a medical technician in January 2022, and in April 2022, she informed Golemi, her manager, that she was pregnant. In June 2022, MTH terminated the plaintiff's employment. Although the plaintiff allegedly spoke to Golemi and Powell, a human resources employee, concerning the termination of her employment and "was told that [it] was a result of multiple lay-offs in her department," the plaintiff alleged that she was the "only" such layoff.
The defendants moved pursuant to CPLR 3211(a) to dismiss the complaint. In an order dated May 31, 2023, the Supreme Court granted the motion. The plaintiff appeals.
"On a motion to dismiss for failure to state a cause of action pursuant to CPLR 3211(a)(7), a court must 'accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory'" (Acala v Mintz Levin Cohn Ferris Glovsky & Popeo, P.C., 222 AD3d 706, 707, quoting Leon v Martinez, 84 NY2d 83, 87-88). "The ultimate question is whether, accepting the allegations and affording these inferences, [the] plaintiff can succeed upon any reasonable view of the facts stated" (Perez v Y & M Transp. Corp., 219 AD3d 1449, 1450-1451 [internal quotation marks omitted]). "Whether a plaintiff can ultimately establish its allegations is [*2]not part of the calculus in determining a motion to dismiss" (Silvers v Jamaica Hosp., 218 AD3d 817, 818 [internal quotation marks omitted]). However, "[a] court is, of course, permitted to consider evidentiary material submitted by a defendant in support of a motion to dismiss pursuant to CPLR 3211(a)(7)" (TV Tech Mgrs., Inc. v Cohen, 227 AD3d 838, 840 [internal quotation marks omitted]). "When evidentiary material is submitted and considered on a motion pursuant to CPLR 3211(a)(7), and the motion is not converted into one for summary judgment, the question becomes whether the plaintiff has a cause of action, not whether the plaintiff has stated one, and the motion should not be granted unless the movant can show that a material fact as claimed by the plaintiff is not a fact at all and unless it can be said that no significant dispute exists regarding it" (Domitz v City of Long Beach, 187 AD3d 853, 855 [internal quotation marks omitted]; see Elco v Aguiar, 226 AD3d 649, 650). For example, "[a]ffidavits may be considered on a motion pursuant to CPLR 3211[(a)(7)] to dismiss a complaint" (Parpounas v Ohagan, 216 AD3d 985, 987), although they will not "warrant dismissal . . . unless they establish conclusively that the plaintiff has no . . . cause of action" (Langley v Melville Fire Dist., 213 AD3d 748, 750 [alteration and internal quotation marks omitted]). Further, "[b]are legal conclusions and factual claims which are flatly contradicted by the record are not presumed to be true" (Cordell Marble Falls, LLC v Kelly, 191 AD3d 760, 762 [internal quotation marks omitted]).
Among other things, "[b]oth the NYSHRL and [the] NYCHRL make it unlawful for an employer . . . to refuse to hire or to discriminate against an individual in compensation or in terms, conditions, or privileges of employment, because of that" individual's status as a member of a protected class (Ayers v Bloomberg, L.P., 203 AD3d 872, 873-874; see Executive Law § 296[1][a]; Administrative Code § 8-107[1][a][2], [3]). "A plaintiff alleging discrimination in employment in violation of the NYSHRL must establish that (1) she or he is a member of a protected class, (2) she or he was qualified to hold the position, (3) she or he suffered an adverse employment action, and (4) the adverse action occurred under circumstances giving rise to an inference of discrimination" (Silvers v Jamaica Hosp., 218 AD3d at 819 [internal quotation marks omitted]). Similarly, "[t]o state a cause action to recover damages for . . . discrimination in violation of the NYCHRL, a plaintiff must allege that (1) he or she is a member of a protected class, (2) he or she was qualified to hold the position, (3) he or she was subject to an unfavorable change or treated less well than other employees, and (4) the unfavorable change or different treatment occurred under circumstances giving rise to an inference of discrimination" (Okeke v Interfaith Med. Ctr., 224 AD3d 763, 765). "A court must construe all provisions of the NYCHRL 'broadly in favor of discrimination plaintiffs, to the extent that such a construction is reasonably possible'" (Perez v Y & M Transp. Corp., 219 AD3d at 1451, quoting Albunio v City of New York, 16 NY3d 472, 477-478). Moreover, "[d]iscrimination on the basis of pregnancy is," inter alia, "a form of gender . . . discrimination" (Matter of New York State Div. of Human Rights v Boro Park Senior Living Community, LLC, 213 AD3d 671, 673).
Here, contrary to the plaintiff's contention, the Supreme Court properly granted the defendants' motion pursuant to CPLR 3211(a) to dismiss the complaint (see Acala v Mintz Levin Cohn Ferris Glovsky & Popeo, P.C., 222 AD3d at 707-708; Ayers v Bloomberg, L.P., 203 AD3d at 874; Domitz v City of Long Beach, 187 AD3d at 855-856). There is no dispute that the plaintiff was a member of a protected class on the basis of gender, that she was qualified for her position, or that the termination of her employment from MTH constituted both an adverse employment action for the purpose of the NYSHRL and an unfavorable change in employment for the purpose of the NYCHRL, to the extent it was motivated by a discriminatory purpose. The dispute between the parties focuses on whether the "circumstances . . . give rise to an inference of [gender] discrimination" (Ayers v Bloomberg, L.P., 203 AD3d at 874).
In support of their motion, the defendants submitted evidentiary material, including an affidavit from Powell, an internal MTH document showing the employees who worked as medical technicians at the plaintiff's assigned unit throughout May 2022, and a termination notice sent via email to various employees, including the plaintiff, on June 4, 2022. This evidentiary material was sufficient to demonstrate that MTH terminated the employment of numerous employees at the same time that it terminated the plaintiff's employment, including two other medical technicians who had performed work at the plaintiff's assigned unit in the month prior to the termination of her [*3]employment. Therefore, the defendants established that "a material fact as claimed by the plaintiff"—that she was the only layoff in her department—"was not a fact at all" (Thaw v North Shore Univ. Hosp., 129 AD3d 937, 939 [internal quotation marks omitted]; see Cordell Marble Falls, LLC v Kelly, 191 AD3d at 762; cf. Kaplan v New York City Dept. of Health & Mental Hygiene, 142 AD3d 1050, 1052).
The plaintiff nonetheless contends that the temporal proximity between her pregnancy announcement to Golemi and the subsequent termination of her employment with MTH was sufficient to give rise to an inference of discrimination. "[T]emporal proximity . . . may, under some circumstances, be sufficient in itself to permit the inference of a causal connection" for the purpose of a discrimination or retaliation claim (Harrington v City of New York, 157 AD3d 582, 586; see La Marca-Pagano v Dr. Steven Phillips, P.C., 129 AD3d 918, 921; cf. Tibbetts v Pelham Union Free Sch. Dist., 143 AD3d 806, 808). However, under the circumstances presented, including that numerous other MTH employees were laid off at the same time as the plaintiff, the temporal proximity between her pregnancy announcement and the termination of her employment, standing alone, does not give rise to an inference of discrimination (see Tibbetts v Pelham Union Free Sch. Dist., 143 AD3d at 808; Parris v New York City Dept. of Educ., 111 AD3d 528, 529).
Accordingly, the Supreme Court properly granted the defendants' motion pursuant to CPLR 3211(a) to dismiss the complaint.
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
DILLON, J.P., WOOTEN, VOUTSINAS and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court