Currid v City of New York (2025 NY Slip Op 04702)

Currid v City of New York

2025 NY Slip Op 04702

Decided on August 20, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 20, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
ROBERT J. MILLER
HELEN VOUTSINAS
PHILLIP HOM, JJ.

2024-03028
 (Index No. 521903/23)

[*1]Michael Currid, appellant,
v
City of New York, et al., respondents, et al., defendants.

Jimmy Wagner, Brooklyn, NY, for appellant.
Muriel Goode-Trufant, Corporation Counsel, New York, NY (Richard Dearing, Rebecca L. Visgaitis, and Jennifer Lerner of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for employment discrimination on the basis of religion in violation of the New York State Human Rights Law and the New York City Human Rights Law, the plaintiff appeals from an order of the Supreme Court, Kings County (Gina Abadi, J.), dated January 9, 2024. The order granted the motion of the defendants City of New York, Fire Department of the City of New York, and New York City Department of Health and Mental Hygiene pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against them and denied the plaintiff's cross-motion pursuant to CPLR 3025(b) for leave to amend the complaint.
ORDERED that the order is affirmed, with costs.
The plaintiff was employed by the Fire Department of the City of New York as a firefighter from 1998 to 2022. In October 2021, the New York City Commissioner of Health and Mental Hygiene issued a mandate requiring all City employees to provide proof of COVID-19 vaccination by October 29, 2021 (hereinafter the vaccine mandate). Employees were able to apply for reasonable accommodations that would exempt them from the vaccine mandate. The plaintiff applied for such an accommodation based on his religion, which was denied on January 6, 2022. The plaintiff appealed that determination, which was subsequently denied on March 17, 2022. On April 19, 2022, the plaintiff retired, allegedly due to his refusal to submit to the COVID-19 vaccine because it conflicted with his religion.
Thereafter, the plaintiff commenced this action against, among others, the defendants
City of New York, Fire Department of the City of New York, and New York City Department of Health and Mental Hygiene (hereinafter collectively the defendants), inter alia, to recover damages for employment discrimination on the basis of religion in violation of the New York State Human Rights Law (NYSHRL) (Executive Law § 296) and the New York City Human Rights Law (NYCHRL) (Administrative Code of the City of New York § 8-107). The defendants moved pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against them. The plaintiff cross-moved pursuant to CPLR 3025(b) for leave to amend the complaint. By order dated January 9, 2024, the Supreme Court granted the motion and denied the cross-motion. The plaintiff appeals.
On a motion to dismiss for failure to state a cause of action pursuant to CPLR 3211(a)(7), a court must "accept the facts as alleged in the complaint as true, accord plaintiffs the [*2]benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Leon v Martinez, 84 NY2d 83, 87-88; see Acala v Mintz Levin Cohn Ferris Glovsky & Popeo, P.C., 222 AD3d 706, 707).
Both the NYCHRL and the NYSHRL prohibit employment discrimination on the basis of religion (see Bilitch v New York City Health & Hosps. Corp., 194 AD3d 999, 1002; Reichman v City of New York, 179 AD3d 1115, 1116). "A plaintiff alleging discrimination in employment in violation of the NYSHRL must establish that (1) she or he is a member of a protected class, (2) she or he was qualified to hold the position, (3) she or he suffered an adverse employment action, and (4) the adverse action occurred under circumstances giving rise to an inference of discrimination" (Ayers v Bloomberg, L.P., 203 AD3d 872, 874; see Acala v Mintz Levin Cohn Ferris Glovsky & Popeo, P.C., 222 AD3d at 707; Reichman v City of New York, 179 AD3d at 1116-1117). "NYCHRL affords broader protections than the NYSHRL" (Alvarez v New York City Tr. Auth., 230 AD3d 541, 542; see Brouillard v Sunrun, Inc., 219 AD3d 560, 562). "Under the NYCHRL, the plaintiff must establish that she or he was subject to an unfavorable employment change or treated less well than other employees on the basis of a protected characteristic" (Ayers v Bloomberg, L.P., 203 AD3d at 874; see Acala v Mintz Levin Cohn Ferris Glovsky & Popeo, P.C., 222 AD3d at 707). Additionally, the NYCHRL makes it "an unlawful discriminatory practice for an employer . . . to refuse or otherwise fail to engage in a cooperative dialogue within a reasonable time with a person who has requested an accommodation," including religious accommodations (Administrative Code of the City of New York § 8-107[28][a]; see Matter of Smith v New York City Fire Dept., 239 AD3d 870; Matter of Marsteller v City of New York, 217 AD3d 543, 545).
Here, the plaintiff's conclusory assertions that the defendants discriminated against him based on religion were unsupported by sufficient factual allegations to state a cause of action under either the NYCHRL or the NYSHRL (see Shahid v City of New York, 231 AD3d 888; Acala v Mintz Levin Cohn Ferris Glovsky & Popeo, P.C., 222 AD3d at 707-708; cf. Cagle v Weill Cornell Med., 680 F Supp 3d 428, 434-437 [SD NY]). Since the plaintiff failed to state a cause of action for discrimination, no cause of action lies for aiding and abetting discrimination (see Kelly G. v Board of Educ. of City of Yonkers, 99 AD3d 756, 758-759). In any event, the defendants cannot "be held liable for aiding and abetting [their] own [alleged] violation" of the NYCHRL and the NYSHRL (Perez v Y & M Transp. Corp., 219 AD3d 1449, 1451).
The plaintiff's third cause of action, seeking certain declaratory relief regarding the defendants' "policy and practice" with respect to "religious accommodations to [the defendants'] vaccine policies," is academic because the vaccine mandate was rescinded in February 2023 and no exception to the mootness doctrine is applicable here (see Matter of Ferrera v New York City Dept. of Educ., 230 AD3d 772, 774; Matter of New York City Mun. Labor Comm. v Adams, 222 AD3d 437, 438).
With respect to the fourth cause of action, alleging a "violation of the Free Exercise Clause of the New York Constitution," the plaintiff has no private right of action to recover damages for violations of the New York State Constitution, since the alleged wrongs could be redressed by alternative remedies, including those pursued under the NYCHRL and the NYSHRL in this action (see Martinez v City of Schenectady, 97 NY2d 78, 83; Berrio v City of New York, 212 AD3d 569, 569; Peterec v State of New York, 124 AD3d 858, 859).
With respect to the fifth cause of action, alleging intentional infliction of emotional distress, public policy bars such a claim against governmental entities (see Shahid v City of New York, 208 AD3d at 1381; Ball v Miller, 164 AD3d 728, 730; Crvelin v Board of Educ. of City Sch. Dist. of City of Niagara Falls, 144 AD3d 1649, 1650).
With respect to the seventh cause of action, alleging "constructive termination," "[a]n employee is constructively discharged when her or his employer, rather than discharging the plaintiff directly, deliberately created working conditions so intolerable that a reasonable person in the plaintiff's position would have felt compelled to resign" (Golston-Green v City of New York, 184 AD3d 24, 44; see Blackman v Metropolitan Tr. Auth., 206 AD3d 602, 604). Here, the plaintiff's conclusory allegations were insufficient to show an intolerable work environment that would lead [*3]a reasonable person in the plaintiff's position to feel compelled to resign (see Dhar v City of New York, 204 AD3d 976, 977; cf. Golston-Green v City of New York, 184 AD3d at 44-45).
Accordingly, the Supreme Court properly granted the defendants' motion pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against them.
Further, the Supreme Court providently exercised its discretion in denying the plaintiff's cross-motion pursuant to CPLR 3025(b) for leave to amend the complaint on the ground that the proposed amendments were patently devoid of merit (see Singh v T-Mobile, 232 AD3d 662, 667; Precious Care Mgt., LLC v Monsey Care, LLC, 221 AD3d 922, 924; Derago v Ko, 189 AD3d 1352, 1353).
The plaintiff's remaining contentions either are without merit or need not be reached in light of our determination.
CONNOLLY, J.P., MILLER, VOUTSINAS and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court