■ In the Matter of ANTHONY BATTISTI, Appellant, v CITY OF NEW YORK et al., Respondents. [994 NYS2d 597]—

Determination of respondent New York Police Commissioner, dated March 13, 2012, which, after a hearing, found petitioner guilty of misconduct and terminated his employment, unanimously confirmed, the petition denied, and that portion of the

CPLR article 78 proceeding (transferred to this Court by order of the Supreme Court, New York County [Geoffrey D. Wright, J.], entered March 26, 2013), dismissed, without costs. Order, same court, Justice and date, which denied the petition and dismissed the aforementioned article 78 proceeding insofar as it seeks an order directing respondents (NYPD) to credit petitioner with certain days withheld from the calculation of his service for pension purposes and declaring that he had accrued twenty years of service as a member of the NYPD prior to his termination, unanimously reversed, on the law, without costs, the petition granted to the extent of finding that the NYPD improperly suspended petitioner without pay beyond the period permitted by Civil Service Law § 75 (3), and it is declared that petitioner accrued 20 years of service prior to his termination.

Substantial evidence supports the findings of the Assistant Deputy Commissioner for Trials that petitioner was guilty of the proffered charges, including that he hired and conspired with an assailant to attempt to murder his ex-wife (*see Matter of Purdy v Kreisberg*, 47 NY2d 354, 358 [1979]). Petitioner's arguments concerning the assailant's credibility and motive to lie at the hearing are beyond the review of this Court (*see Matter of Berenhaus v Ward*, 70 NY2d 436, 443-444 [1987]).

Petitioner commenced service with the NYPD on January 13, 1992 and was terminated effective March 13, 2012. Between January 2009, when he was initially charged with disciplinary violations, and the date of his termination following a hearing, petitioner was suspended without pay for a total of 99 days. The initial 30-day suspension followed allegations that he had "knowingly associated" with the assailant, an individual reasonably believed to have engaged in criminal activity, and that the assailant had alleged that petitioner paid him to attack his ex-wife. The second 69-day suspension without pay followed petitioner's arrest in Nassau County, and the NYPD then issued amended specifications based on the criminal charges proffered against him.

Petitioner argues that because Civil Service Law § 75 (3-a), as well as Administrative Code of City of NY § 14-115, cap suspensions without pay of public employees awaiting hearing and determination of disciplinary charges at 30 days, he is entitled to be credited with 69 days of service, and is therefore entitled to a pension (*see* Administrative Code § 13-256.1 [a]). Respondents' answer demonstrates that NYPD issued a check to petitioner, reflecting its internal determination that petitioner had been improperly suspended without pay for 39 days, and was entitled to compensation for those days, leaving just 60 days of suspen-

sion without pay. Respondents do not dispute that all days for which a member is paid are to be included in the calculation of time for purposes of all benefits, including pension.

Assuming arguendo that the NYPD properly suspended petitioner without pay for two 30-day periods based on distinct offenses, resulting in 60 days of suspension without pay, by respondent NYPD's calculations, it appears that petitioner had completed twenty years of creditable service as of the effective date of his termination. Respondent NYPD has not set forth any legal basis for its subsequent internal determination to treat nine of the 39 days that had been credited to petitioner as suspensions without pay, notwithstanding the limit set by Civil Service Law § 75 (3-a). Absent such explanation for excluding the nine days from the calculation of creditable service, the determination to deny petitioner a pension was arbitrary and capricious, in that it was taken "without regard to the facts" (*see Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222, 231 [1974]). Concur—Sweeny, J.P., Renwick, Andrias, Moskowitz and Manzanet-Daniels, JJ.