| |
|---|
| **Ellis v City of New York** |
| 2024 NY Slip Op 30930(U) |
| March 20, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 159090/2022 |
| Judge: Hasa A. Kingo |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   HON. HASA A. KINGO                    PART                    05M
            *Justice*

------------------------------------------------------------------------X

OPAL ELLIS,

                                    Plaintiff,

            - v -

CITY OF NEW YORK, NEW YORK CITY DEPARTMENT
OF CORRECTION

                                    Defendant.

------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 159090/2022 |
| MOTION DATE | 03/07/2023 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON
MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17

were read on this motion to/for                    DISMISS                    .


With the instant motion, Defendant City of New York[1] (hereinafter "Defendant") moves, pursuant to CPLR §3211(a)(7), for dismissal of plaintiff Opal Ellis' (hereinafter "Plaintiff") complaint in its entirety. Plaintiff opposes the motion. For the reasons specified herein, the motion is granted, and the complaint is dismissed.

## BACKGROUND

Plaintiff commenced this action to recover damages for alleged discriminatory practices committed by the New York City Department of Corrections (the "DOC") "in furtherance of reducing its uniform workforce amid Defendant's historical criminal justice reform." Plaintiff asserts that the employment of a large portion of the DOC workforce was improperly terminated to reduce the DOC's workforce, which was discriminatory because the DOC's workforce is 95% minority.

A significant portion of Plaintiff's complaint references New York City's "history of structural and institutional discrimination." However, Plaintiff fails to establish a clear connection between these purported incidents and Plaintiff's claims. Plaintiff also asserts that the DOC's actions were taken despite recommendations of the State Commission of Correction, the *Nunez* Monitor, and the Vera Institute of Justice. He offers no explanation regarding the *Nunez* Monitor, and the Vera Institute of Justice or how they relate to Plaintiff's claims.

---

[1] Of which The New York City Department of Correction (aka "DOC") is included, as specified herein.

**159090/2022   ELLIS, OPAL vs. CITY OF NEW YORK ET AL**                    **Page 1 of 9**
**Motion No.  001**

1 of 9

The complaint interposes causes of action (1) pursuant to Section 296 of New York State Executive Law, Administrative Code §8-120(a)(8), and Article I, §11 of the New York State Constitution for discrimination based on race, gender, and disability resulting in Plaintiff's termination of employment, (2) pursuant to Section 296 of New York State Executive Law, Administrative Code §8-120(a)(8), and Article I, §11 of New York State Constitution for discrimination based on race, gender, and disability resulting in Defendant's negligent and reckless handling of COVID-19 pandemic mitigation, and Plaintiff's contracting of the COVID-19 virus on the job, and (3) pursuant to Administrative Code § 8-502(a), for punitive damages for emotional distress (i.e., mental anguish) as a proximate cause of Defendant's discrimination based on race.

Plaintiff self-identifies as an African American woman. In 2020, Plaintiff was employed by the DOC and was stationed in the Security Operations Division located in Rikers Island. The complaint alleges that on an unspecified date in 2020, Plaintiff contracted COVID-19 and suffered serious side effects that resulted in her being in a coma for several weeks, near death, and having to "learn to walk again," and later suffered from long COVID-19. She was out of work on sick leave "from about March/April 2020 through June 30, 2022," when her employment was terminated. She asserts that much of her leave was "involuntary" and she attempted to return to work on light duty, known in the DOC as "medically monitored" or "MM." MM had three levels, the third of which prohibited inmate contact. She asserts she could have returned to work MM effectively because the position she had been assigned to work since 2008 required "little to no inmate contact." She asserts MM status is a reasonable accommodation although such is not specifically designated or labelled as such. Following a Section 75 hearing, she was medically separated from employment.

## ARGUMENTS

In support of its motion, Defendant argues the following: 1.) that the DOC must be dismissed from the case because it is not a suitable entity; 2.) that Plaintiff's claims must be dismissed because Plaintiff does not plead that the determination was arbitrary and capricious or unsupported by substantial evidence; 3.) that there is no private right of action under the New York Constitution for employment discrimination; 4.) that Plaintiff does not plead facts to demonstrate any discriminatory motivation or impact from her termination; and 5.) that Plaintiff was terminated because she could not perform the essential function of a position at Rikers, which required inmate contact. Defendant also contends this action should have been brought as an Article 78 proceeding but concedes it could be converted to same.

In opposition, Plaintiff reiterates broad allegations of historical discrimination against New York City and the DOC, and asserts that claims of discrimination are not required to be brought under Article 78. Plaintiff further avers that that her claims "need not" be dismissed when the court "is on notice of hundreds of identical claims of racial discrimination" (an apparent reference to Index 159551/2021).

In response to Plaintiff's opposition, Defendant reiterates the arguments set forth in support of its motion and underscores that Plaintiff fails to connect the facts of *her case* to her broad claims of discrimination.

**159090/2022   ELLIS, OPAL vs. CITY OF NEW YORK ET AL**                          **Page 2 of 9**
**Motion No.  001**

2 of 9

[* 2]

# DISCUSSION

On a motion to dismiss for failure to state a cause of action under CPLR §3211 (a)(7), courts afford the pleadings a liberal construction, accept the facts as alleged in the complaint as true, and give the plaintiff the benefit of every possible favorable inference (*Leon v Martinez*, 84 NY2d 83, 87 [1994]; *JF Capital Advisors, LLC v Lightstone Group*, LLC, 25 NY3d 759, 764 [2015]). Ordinarily, the court's inquiry is limited to assessing the legal sufficiency of the plaintiff's pleadings; accordingly, the court's only function is to determine whether the facts as alleged fit within a cognizable legal theory (*JF Capital Advisors*, 25 NY3d at 764, *supra*). However, where the complaint consists of bare legal conclusions with no factual specificity (*Godfrey v Spano*, 13 NY3d 358, 373 [2009]) or where the statements in a pleading are not sufficiently particular to give the court and parties notice of the transactions and/or occurrences intended to be proven (CPLR §3013; *Mid-Hudson Val. Fed. Credit Union v Quartararo & Lois, PLLC*, 31 NY3d 1090, 1091 [2018]), the motion to dismiss should be granted. Indeed, "allegations consisting of bare legal conclusions as well as factual claims flatly contradicted by documentary evidence are not entitled to any such consideration" (*Garber v Board of Trustees of State Univ. of NY*, 38 AD3d 833, 834 [2d Dept 2007], *quoting Maas v Cornell* Univ., 94 NY2d 87, 91 [1999]). CPLR §2013, states that "[s]tatements in a pleading shall be sufficiently particular to give the court and parties notice of the transactions, occurrences, or series of transactions or occurrences, intended to be proved and the material elements of each cause of action or defense." Thus, conclusory allegations will not suffice (*see DiMauro v Metropolitan Suburban Bus Auth.*, 105 AD2d 236, 239 [2d Dept 1984]; *Fowler v American Lawyer Media*, 306 AD2d 113, 113 [1st Dept 2003]; *Sheriff v Murray*, 33 AD3d 688 [2d Dept 2006]). When the allegations in a complaint are vague or conclusory, dismissal for failure to state a cause of action is warranted (*see Schuckman Realty v Marine Midland Bank, N.A.*, 244 AD2d 400, 401 [2d Dept 1997]; *O'Riordan v Suffolk Ch., Local No. 852, Civ. Serv. Empls. Assn.*, 95 AD2d 800, 800 [2d Dept 1983]).

## *Dismissal of the Department of Correction*

As an initial matter here, Defendant is entitled to dismissal of the DOC from this lawsuit since the DOC is a not a suitable entity. The New York City Charter provides that "all actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the City of New York and not in that of any agency, except where otherwise provided by law" (*see* New York City Charter § 396). Accordingly, as an agency of the City of New York, DOC is not a suitable entity and is therefore dismissed from this action (*see Cottman v. New York City Dept. of Corr.*, Index No. 155680/2019, 2020 N.Y. Misc. LEXIS 1572, at *1-2 [Sup Ct, NY County, Apr. 20, 2020]).

## *Dismissal of Plaintiff's Claims Under Civil Service Law § 71, 73, and 75*

Likewise, Defendant is entitled to dismissal of Plaintiff's claims asserted under the Civil Service Law. For one, Civil Service Law §§73 and 75 are inapplicable to this action. Plaintiff asserts that she was "terminated by [DOC] pursuant to Sections 71 and 73 of the Civil Service Law" after "Section 75 misconduct termination proceedings" (*see* Compl. ¶¶ 11, 15, 36). After more than two years of medical leave, Plaintiff was medically separated from the DOC due to her inability to perform the duties of her Correction Officer role at Rikers Island. This separation

**159090/2022   ELLIS, OPAL vs. CITY OF NEW YORK ET AL**                                    **Page 3 of 9**
**Motion No.  001**

3 of 9

occurred "by reason of a disability resulting from an occupational injury or disease," as stipulated by Civil Service Law §71. Civil Service Law §73, on the other hand, applies when an employee has a disability not resulting from occupational injury or disease. Therefore, Civil Service Law §§ 71 and 73 are mutually exclusive, and plaintiff cannot have been medically separated under both sections. Additionally, disciplinary charges pending at the time of plaintiff's medical separation were placed in abeyance by the DOC. Consequently, Plaintiff was not terminated in accordance with Civil Service Law §75.

Nevertheless, even where the court addresses the merits of each section, dismissal is still warranted. Indeed, insofar as an Article 78 proceeding would be the appropriate forum for challenging a government agency's final administrative determination, including determinations pursuant to Civil Service Law §§ 71, 73, and 75 (*see* CPLR §7801; *Matter of Phillips v. New York Citywide Admin. Servs.*, 173 AD3d 493 [1st Dept 2019]; *Matter of Scott v. Westchester County*, 204 AD3d 807 [2d Dept 2022]; *Matter of Battisti v. City of New York*, 121 AD3d 520 [1st Dept 2014]), Plaintiff's complaint fails to address whether the challenged administrative determination was arbitrary and capricious or unsupported by substantial evidence. In an Article 78 proceeding challenging termination of employment following a Civil Service Law §75 hearing, the petitioner has the burden of showing that the challenged final administrative determination "is, on the entire record, [un]supported by substantial evidence" (CPLR §7801[4]).

Here, Plaintiff does not even allege that the termination of her employment was unsupported by substantial evidence. Instead, Plaintiff puts forth the conclusive and speculative argument that "under well-established law, the Defendants are prohibited of medically separating staff in Section 75 hearing" (*see* Compl ¶ 35). Plaintiff further alleges that "Defendants took [Plaintiff] into Section 75 misconduct termination proceedings, threatening that if she did not act or feign that she was not suffering from Long COVID and return to work full duty … she would be terminated" (*see* Compl ¶ 36). As highlighted by Defendant, it is unclear what precisely Plaintiff is alleging, and there is no identification of any specific factual conclusions reached in a Civil Service Law § 75 hearing that are being challenged. Such "unsupported, conclusory allegations are insufficient to fulfill a petitioner's burden of proof" in an Article 78 proceeding (*Bracey v. City of New York*, Index No. 153801/2020, 2021 N.Y. Misc. LEXIS 1858, at *8 [Sup. Ct. N.Y. County, Apr. 16, 2021]; *Matter of Leka v. New York City Law Dept.*, 160 A.D.3d 497, 497 [1st Dept 2018]; *Matter of Che Lin Tsao v. Kelly*, 28 AD3d 320, 320 [1st Dept 2012]). Therefore, an Article 78 petition built upon conclusory allegations like those asserted in this case would be dismissed. Hence, this court declines to convert this action and instead dismisses the complaint on the grounds asserted.

Similarly, the complaint must also be dismissed insofar as Plaintiff challenges administrative decisions made pursuant to Civil Service Law §§ 71 and 73. To prevail under either Civil Service Law §§ 71 or 73, Plaintiff must show that the determination to terminate her employment "was made in violation of lawful procedure, was affected by an error of law or was arbitrary and capricious or an abuse of discretion" (*see* CPLR §7801[3]). Here, Plaintiff's allegations do not sufficiently establish her entitlement to relief, as there are no facts put forward indicating that her termination was arbitrary and capricious. The factual assertions are so lacking that this court cannot ascertain whether Plaintiff's termination lacked a "sound basis in reason" or was made "without regard to the facts." Moreover, Plaintiff has not demonstrated eligibility for

**159090/2022 ELLIS, OPAL vs. CITY OF NEW YORK ET AL**
**Motion No. 001**

**Page 4 of 9**

4 of 9

[* 4]

reinstatement, as she fails to allege applying for a pre-reinstatement medical examination, her physical and mental fitness for duty, or the vacancy of her former position—all prerequisites for reinstatement under Civil Service Law §71. Additionally, Plaintiff herself acknowledged the option to seek an independent medical examination to assess her fitness for Correction Officer duties by June 30, 2023. Moreover, Civil Service Law § 73 is plainly irrelevant to this matter since Plaintiff's medical separation was conducted pursuant to Civil Service Law §71. Even if Civil Service Law §73 were relevant, Plaintiff fails to provide any facts suggesting that her termination was arbitrary and capricious. Furthermore, Civil Service Law §73 imposes the same prerequisites regarding medical examination, fitness, and job vacancy as Civil Service Law §71, none of which Plaintiff alleges to have met. Consequently, regarding any challenges to violations of Civil Service Law §§71 and 73, this court refrains from converting this action and instead dismisses the complaint on the grounds asserted.

### Equal Protection Clause

Next, Defendant's motion to dismiss Plaintiff's claims under Article I, §11 of the New York State Constitution, also known as the Equal Protection Clause, is granted. Given the circumstances, the appropriate approach to assert a claim here is by invoking the New York State Human Rights Law ("NYSHRL") and the New York City Human Rights Law ("NYCHRL"), as Plaintiff has done (*see Brown v. State*, 89 NY2d 172, 190-191 [1996]; *see also* N.Y. Exec. L. §296, *et seq.*; N.Y.C. Admin. Code §8-107, *et seq.*). Therefore, it is appropriate to dismiss Plaintiff's claims asserted under Article I, §11 of the New York State Constitution, and such dismissal is hereby granted.

### Disparate Treatment Discrimination Claims

Defendant's motion to dismiss Plaintiff's disparate treatment-based discrimination claims is granted. To state such a claim under the NYSHRL, a plaintiff must allege that: (1) he or she is a member of a protected class; (2) he or she was qualified to hold the position; (3) she suffered an adverse employment action; and (4) the adverse action occurred under circumstances giving rise to an inference of discrimination (*Ayers v Bloomberg, LP.*, 203 AD3d 872, 874 [2d Dept 2022]). "An adverse employment action requires a materially adverse change in the terms and conditions of employment" and "must be more disruptive than a mere inconvenience or an alteration of job responsibilities" (*Forrest v Jewish Guild for the Blind*, 3 NY3d 295, 306 [2004] [internal citations and quotations omitted]). The elements of a discrimination claim under the NYCHRL largely mirror the foregoing, except that a plaintiff need not plead that she suffered an "adverse employment action," but only that she was "treated differently" because of her gender (*see Askin v Dept. of Educ. of the City of New York*, 110 AD3d 621, 622 [1st Dept 2013]; *see also Williams v. New York City Hous. Auth.*, 61 AD3d 62, 66 [1st Dept 2009]). To show that DOC treated her differently because of her race, gender or disability, Plaintiff must "plead facts sufficient to support such an inference beyond conclusory allegations of bias" (*Pitter-Green v. NYU Langone Med. Ctr.*, Index No. 155386/2021, 2022 N.Y. Misc. LEXIS 7975, at *12 [Sup Ct, NY County, Dec. 16, 2022]).

Here, although Plaintiff's medical separation could be considered an adverse employment action, the complaint fails to provide any details or facts to substantiate an inference of discrimination. Plaintiff does not establish a connection between her purported termination due to

**159090/2022   ELLIS, OPAL vs. CITY OF NEW YORK ET AL**                    Page 5 of 9
**Motion No.  001**

5 of 9

a workforce reduction and her race, gender, or disability. There are no allegations that any employees of the DOC made comments or references regarding Plaintiff's race, gender, or disability, nor are there identifications of similarly situated DOC employees outside her protected group who received preferential treatment. Additionally, Plaintiff does not specify any other suspicious behavior from which discriminatory intent could be inferred.

Rather than addressing pertinent issues, Plaintiff predominantly focuses on irrelevant statistics, monitor reports, demographic figures, and case law concerning the City's purported history of discrimination. There is no explanation from Plaintiff regarding the relevance of these statistics and other information to her claims. Moreover, the statistics presented by Plaintiff fail to demonstrate any disparity affecting Black employees; indeed, they indicate that Black employees constitute the majority of uniformed staff in every DOC rank (*see* Compl. ¶¶ 39-46). However, irrespective of their content, statistics alone cannot establish an inference of discrimination in an individual disparate treatment case (*see Blanc v. City of New York*, Index No. 154032/2020, 2021 N.Y. Misc. LEXIS 1163, at *19 [Sup Ct, NY County, Mar. 17, 2021]).

In essence, Plaintiff simply asserts her membership in protected classes and recounts certain events. However, these facts fail to imply discrimination as they do not establish a causal relationship between her protected class status and her termination. As stated in *Williams v. City of New York*, Index No. 0030411/2018, 2020 N.Y. Misc. LEXIS 12262, at *6 (Sup Ct, Bronx County, July 30, 2020), "[W]here a complaint amounts to nothing more than the recitation of a false syllogism: (1) I am (insert name of a protected class); (2) something bad happened to me at work; (3) therefore, it happened because I am (insert name of protected class)," such a complaint is not sufficient to withstand a motion to dismiss. Consequently, Plaintiff's disparate treatment claims under the NYSHRL and NYCHRL are be dismissed.

### Hostile Work Environment

Likewise, the branch of Defendant's motion to dismiss Plaintiff's hostile work environment claims is granted. Under the NYSHRL, a "hostile work environment exists '[w]hen the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment'" (*Hunter v Barnes & Noble, Inc.*, 2023 NY Slip Op 30638[U], 8-9 [Sup Ct, NY County 2023] [internal citations and quotations omitted]; *Forrest*, 3 NY3d at 310, *supra*).

To state a hostile work environment claim under the NYCHRL, however, a plaintiff need only allege facts showing that the plaintiff was "treated less well than other employees because of [his or] her protected status or that discrimination was one of the motivating factors for the defendant's conduct" (*Chin v New York City Hous. Auth.*, 106 AD3d 443, 445 [1st Dept 2013] *citing Williams v New York City Hous. Auth.*, 61 AD3d 62, 75-78 [1st Dept 2013]; *Whitfield-Ortiz v. Department of Educ. of the City of New York*, 116 AD3d 580 [1st Dept 2014]).

In this instance, Plaintiff further asserts an unfounded conspiracy alleging that the DOC intentionally fostered a hostile work environment to diminish the presence of Black, Hispanic, female, and disabled employees (*see* Compl. at ¶ 33). To the extent that this can be construed as Plaintiff's attempt to establish a discrimination claim based on the contention that she was subject

**159090/2022   ELLIS, OPAL vs. CITY OF NEW YORK ET AL**                                      **Page 6 of 9**
**Motion No.  001**

6 of 9

to a hostile work environment, the court rejects that claim. Indeed, in accordance with the above-cited precedent, it is evident from the facts as presented in the complaint that no reasonable individual would perceive Plaintiff's work environment as hostile or abusive based on race, gender, or disability. Plaintiff does not assert that she endured any race-, gender-, or disability-based insults, nor does she claim to have been targeted for humiliation or ridicule due to being Black, female, or disabled. Instead, Plaintiff simply alleges that Defendant "resorted to obscene hostile work environments" and subjected employees to "Slave-Esque working conditions" (Compl. ¶¶ 33, 42). However, such conclusory statements fail to establish a hostile work environment claim under either the NYCHRL or NYSHRL. As evidenced in cases such as *Brock v. Prime*, Index No. 100841/2022, 2022 N.Y.L.J LEXIS 1634, at *12 (Sup Ct, NY County, Sep. 19, 2022) and *Howell v. United Fedn. Of Teachers Welfare Fund*, Index No 153235/2017, 2020 N.Y. Misc. LEXIS 2486, at *21-22 (Sup Ct, NY County, June 3, 2022), claims of hostile work environment lacking specific factual details have been dismissed under the NYSHRL and NYCHRL. Consequently, as Plaintiff fails to assert a hostile work environment claim under the NYSHRL or NYCHRL, any such claim advanced by Plaintiff is dismissed.

*Disparate Impact*

Plaintiff's disparate impact claim also fails. The Court of Appeals has established the criteria for stating a disparate impact claim under the NYSHRL: "when a . . . standard, although neutral on its face or even neutral in terms of intent, adversely affects equal employment opportunity for a protected class of persons, judicial scrutiny of that . . . criterion is warranted" (*Sontag v. Bronstein*, 33 NY2d 197, 201 [1973]). Likewise, under the NYCHRL, "a cause of action [for disparate impact discrimination] may be maintained where 'a policy or practice of a . . . covered entity results to the detriment of any [protected] group'" (*Burgis v. City of N.Y. Dep't of Sanitation*, Index No. 652972/2014, 2018 N.Y. Misc. LEXIS 6400, at *11 [Sup Ct, NY County, Dec. 20, 2018]).

Here, Plaintiff's disparate impact claim fails because Plaintiff does not adequately plead the existence of a facially neutral policy that has a disproportionate effect on a protected class, as the NYSHRL and NYCHRL require. Instead, Plaintiff merely makes general and conclusory references to "reduction of uniform staff" and "discrimination against Black and Hispanics as to the terms, conditions, and privileges of employment" (*see* Compl. ¶¶ 27, 38). Plaintiff proceeds to present demographic statistics of the DOC workforce in 2018, categorized by gender and race (*see* Compl. ¶¶ 39-47). Plaintiff's argument seems to suggest that the DOC's "reduction of uniform staff" unfairly impacts Black, female, and disabled employees (*see* Compl. ¶ 27). However, the data provided by Plaintiff remains static and lacks a comparison of groups over time. Consequently, Plaintiff fails to even plausibly assert a discrepancy in layoffs, let alone establish a causal link between such a disparity and a specific employment policy or practice. This deficiency proves detrimental to Plaintiff's disparate impact claims. As demonstrated in *Shinaul v. NY City Dept. of Corr.*, Index No. 150454/2020, 2021 N.Y. Misc. LEXIS 2921, at *3 (Sup Ct, NY County, May 25, 2021), "[T]he complaint is void of any facts indicating that minority uniform staff have been disproportionately dismissed. In any event, plaintiff fails to allege a causal connection between any policy to reduce uniform staff and the disproportionate effect on minority staff." Consequently, Plaintiff's disparate impact claims under the NYSHRL and NYCHRL must be dismissed.

**159090/2022   ELLIS, OPAL vs. CITY OF NEW YORK ET AL**                                    **Page 7 of 9**
**Motion No.  001**

7 of 9

[* 7]

## Reasonable Accommodation

Lastly, dismissal of the complaint is also warranted because Plaintiff fails to assert that she could fulfill the essential duties of her job with a reasonable accommodation, or even that she requested one. To establish a prima facie case of disability discrimination "for failure to reasonably accommodate under the NYSHRL and NYCHRL, the complaint must allege that (1) the employee has a disability under the relevant statute, (2) an employer covered by the statute was aware of her disability, (3) with reasonable accommodations, [the employee] could perform the essential functions of her job, and (4) her employer declined to provide such accommodations" (*Urena v. Swiss Post Solutions, Inc.*, No. 16 Civ. 1998 [LGS], 2016 U.S. Dist. LEXIS 128856, at *6 [S.D.N.Y. Sept. 21, 2016]). The pertinent examination "under both the State and City Human Rights Laws is whether the employee was capable of performing the core functions of the employee's position" (*Jacobsen v. New York City Health & Hospitals Corp.*, 22 NY3d 824, 843 [2014]). If a plaintiff neglects to allege that a reasonable accommodation would enable her to fulfill the essential functions of her job, the complaint ought to be dismissed. This principle is illustrated in *Forgione v. City of New York*, No. 11-cv-5248, 2012 U.S. Dist. LEXIS 130960, at *21 (E.D.N.Y. Sept. 13, 2012), where a NYSHRL failure to accommodate claim was dismissed because the plaintiff did not plead that he "requested a reasonable accommodation that would have allowed him to perform the essential functions of his job."

Here, the complaint fails to specify the nature of Plaintiff's purported disabilities following her contraction of long COVID-19, including whether they are of a permanent or temporary nature. Additionally, there is no mention in the complaint of any of the essential functions of Plaintiff's position, nor is it indicated that a reasonable accommodation would enable Plaintiff to fulfill those essential functions. Furthermore, Plaintiff does not even specify the accommodation she was seeking. Instead, Plaintiff vaguely claims to have previously held a position she considers to be "effectively" a light-duty role "with little to no inmate contact," and thus asserts that the DOC should have allowed her to "return to work light duty" at Rikers Island (*see* Compl. ¶¶ 16-17, 19). In essence, Plaintiff insists that the DOC should permit her to resume work at Rikers Island but without any inmate interaction (*see* Compl. ¶ 17). However, Plaintiff does not provide any explanation as to how she could be reinstated as a Correction Officer at the City's largest jail, especially when she herself admits to being completely incapable of interacting with incarcerated individuals.

Moreover, if the complaint is construed as asserting that Plaintiff ought to be assigned to indefinite light-duty work, it has been established as a matter of law that such an accommodation is not reasonable. According to the NYSHRL and the NYCHRL, "an employer is not obligated to locate another job for the employee, establish a new position, or create a light-duty version of the current role" (*Jacobsen*, 97 AD3d at 431, *supra*, *citing Pimental v. Citibank, N.A.*, 29 AD3d 141, 148 [1st Dept 2006]). Essentially, "a reasonable accommodation can never necessitate the elimination of an essential job function—thus, providing an employee with 'light work'… exceeds an employer's reasonable obligation" (*Cayetano v. Federal Express Corp.*, No. 19 Civ. 10619 [AT], 2022 U.S. Dist. LEXIS 119102, at *12 [S.D.N.Y. July 6, 2022]).

**159090/2022   ELLIS, OPAL vs. CITY OF NEW YORK ET AL**                                      **Page 8 of 9**
**Motion No.  001**

8 of 9

Simply put, here Plaintiff fails to adequately assert that she has a disability, requested a reasonable accommodation, or could carry out the essential duties of her position with an accommodation. Additionally, she now pursues an accommodation that is legally unreasonable. Consequently, the complaint is dismissed on these grounds as well.

*Consideration of Evidence Submitted*

Finally, the court addresses an argument advanced by Plaintiff's counsel at oral argument on March 19, 2024 wherein Plaintiff's counsel argued that the court cannot consider Defendant's documentary evidence submitted in support of their motion to dismiss because the motion was made pursuant to CPLR §3211(a)(7) instead of CPLR §3211(a)(1).Contrary to Plaintiff's counsel's argument, the Appellate Division, First Department, has consistently held that courts may consider documentary evidence submitted in support of motions to dismiss brought pursuant to CPLR §3211(a)(7) (*see White Rock Ins. Co. PCC Ltd. v. Lloyd's Syndicate 4242*, 202 AD3d 563, 565 [1st Dept 2022]["[W]e may nevertheless consider documentary evidence on a CPLR §3211[a][7] motion."]; *Basis Yield Alpha Fund (Master) v. Goldman Sachs Group, Inc.*, 115 AD3d 128, 134 [1st Dept 2014]).

Thus, while not dispositive, the court here was within its right to consider Defendant's documentary evidence submitted in support of the motion to dismiss, namely the Negotiated Plea Agreement for Settlement of Disciplinary Matters, annexed to the Affirmation of Bryan Carr Olert as Exhibit B, NYSCEF Dkt. 8.

Based on the foregoing, it is hereby

ORDERED that Defendant's motion is granted in its entirety; and it is further

ORDERED that Plaintiff's complaint is accordingly dismissed; and it is further

ORDERED that the Clerk of the Court is directed to enter judgment dismissing the complaint in its entirety.

The foregoing constitutes the decision and order of the court.

20240320132937HKING08B4F99CFF6CC497591BB73B9EA211E4A

| 3/20/2024 | | | | HASA A. KINGO, J.S.C. | |
|---|---|---|---|---|---|
| **DATE** | | | | | |
| CHECK ONE: | [X] CASE DISPOSED | | | [ ] NON-FINAL DISPOSITION | |
| | [X] GRANTED | [ ] DENIED | | [ ] GRANTED IN PART | [ ] OTHER |
| APPLICATION: | [ ] SETTLE ORDER | | | [ ] SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | [ ] INCLUDES TRANSFER/REASSIGN | | | [ ] FIDUCIARY APPOINTMENT | [ ] REFERENCE |

**159090/2022   ELLIS, OPAL vs. CITY OF NEW YORK ET AL**                    Page 9 of 9
**Motion No.  001**

9 of 9