JAMES C. KENDRICK, Plaintiff, *v.* BOARD OF EDUCATION OF THE CITY OF SYRACUSE, Defendant.

Fourth Department, December 31, 1947.

*P. Sidney Hand* for plaintiff.

*Lyle W. Hornbeck, Corporation Counsel (George T. Driscoll, Assistant Corporation Counsel* of counsel), for defendant.

Love, J. This is a submission of a controversy upon agreed facts.

It relates to the application of the provisions of chapter 778 of the Laws of 1947, known as the Teachers' Salary Law of 1947, presenting thereunder the questions, (1) what basis is to be used in determining plaintiff's salary as of June 30, 1945, and (2) to what salary is plaintiff entitled for the school year commencing July 1, 1947.

The agreed facts are as follows: the plaintiff, James C. Kendrick, was appointed by the defendant, the Board of Education of the City of Syracuse, referred to hereafter as the Board, to the position of high school teacher in September, 1939, which position the plaintiff has since filled. The plaintiff has tenure under section 872 (now in § 2523) of the Education Law. The school year in Syracuse begins on July 1st and terminates on June 30th of the following year. The fiscal year in Syracuse begins on January 1st and ends on December 31st. The annual salary of teachers and of the supervising staff in Syracuse is paid in ten equal installments commencing in September and ending in June of the following year. In September, 1939, the plaintiff's salary was $1,800. Prior to June 30, 1945, the salary schedule adopted by the board and applicable to high school teachers, including the plaintiff, was as follows:

" Class II—High Schools, junior and senior (Grades 7, 8, 9, 10, 11, 12) and continuation Schools (all teachers must have college degrees.) In cases of practical industrial teachers of special merit or long experience in trade, exception may be made.

" $1600–$2400, annual increment of $100.00.

" Note: All teachers holding college degrees shall receive salaries under Class II, if work being done is in grades 7 through 12."

The plaintiff holds a college degree and has successfully completed 150 hours of preparation in approved study constituting 30 semester hours of approved study over and above the number of hours required for a baccalaureate degree. This extra preparation entitled the plaintiff to an additional allowance of compensation in the amount of $200 per year. The City of Syracuse has a population of more than 100,000 and less than 1,000,000 (1940 census, 205,967). On December 28, 1944, the Board of Estimate of the City of Syracuse adopted a resolution, applicable to all employees of Syracuse, including the plaintiff and all full time public school teachers receiving an annual salary of less than $3,000, temporarily increasing their salaries by $100 for the year 1945 to enable them to meet the high cost of living. The temporary increase was payable in four equal installments on salary payment dates of March 31, June 30, September 30, and December 31, 1945, respectively. On July 10, 1945, pursuant to section 884-a (now in § 3102) of the Education Law, the board adopted salary schedules applicable to high school teachers, including the plaintiff, as follows: " Class II — High Schools, junior and senior (Grades 7 through 12) $2000–$2800 — Annual increment — $100."

On July 2, 1947, the Board of Education of the City of Syracuse, pursuant to sections 882, 883 and 884 of chapter 778 of the Laws of 1947 (now in Education Law, §§ 3101–3103), adopted salary schedules and schedule conditions effective July 1, 1947, which were applicable to plaintiff providing for teachers with the master's degree, as is plaintiff, in " Step 6, $3225 with annual increments of $165," and in " Step 7, $3390 with annual increments of $165."

Those steps shall be automatic for all teachers.

It is plaintiff's contention that, excluding the $200 for extra preparation for the year commencing July 1, 1947, he should be paid and receive an annual salary of $3,200 under the provisions of chapter 778 of the Laws of 1947, computed as follows:

Aggregate annual compensation of plaintiff through June 30, 1947, and including any increment due on July 1, 1947, pursuant to local salary schedules in effect prior to that date, to wit:

| | |
|---|---|
| Annual salary per schedule in effect as to plaintiff February, 1945 | $2,400.00 |
| Increment due July 1, 1945 (and paid) | 100.00 |
| Increment due July 1, 1946 (and paid) | 100.00 |
| Including increment due July 1, 1947 (not paid) | 100.00 |
| Statewide emergency increase (L. 1947, ch. 7) | 300.00 |
| Aggregate annual compensation June 30, 1947 | $3,000.00 |

| | |
|---|---|
| Annual salary of plaintiff on June 30, 1945: | |
| Under schedule in effect February, 1945.............. | $2,400.00 |
| Pursuant to resolution of Common Council, December 28, 1944 ..................................... | 100.00 |
| Plaintiff's annual salary June 30, 1945.............. | $2,500.00 |
| Plus increase (L. 1947, ch. 778)..................... | 600.00 |
| | $3,100.00 |
| Additional increase required (L. 1947, ch. 778)................. | 100.00 |
| | $3,100.00 |
| Add increment due July 1, 1947 (not paid).................... | 100.00 |
| Annual salary for year commencing July 1, 1947 (excluding the $200 for extra preparation)............................... | $3,200.00 |

It is the defendant's contention that, excluding the $200 for extra preparation, the plaintiff herein should be paid and receive an annual salary for the school year commencing July 1, 1947, of $3,000 under the provisions of chapter 778 of the Laws of 1947 computed as follows:

| | | |
|---|---|---|
| Annual salary actually received for the school year ending June 30, 1945 ................................................ | | $2,350.00 |
| Temporary increase paid on and prior to June 30, 1945, pursuant to resolution of Board of Estimate.......................... | | 50.00 |
| *Annual salary of June 30, 1945.............................. | | $2,400.00 |
| Increment due July 1, 1945, received during the school year of July 1, 1945, to June 30, 1946............................. | | 100.00 |
| Increment due July 1, 1946, received during the school year of July 1, 1946, to June 30, 1947............................. | | 100.00 |
| Temporary increase paid from July 1, 1945, to December 31, 1945, pursuant to resolution of Board of Estimate, amounting to $50, not continued in 1946 or 1947 and not included in computation of salary for the year ending June 30, 1947.................. | | ........ |
| Emergency increase received prior to July 1, 1947, and paid, pursuant to chapter 7 of the Laws of 1947...................... | | 150.00 |
| Increment due July 1, 1947, pursuant to schedules in effect prior to that date........................................... | | 100.00 |
| Aggregate annual compensation.............................. | | $2,850.00 |
| Additional increase on July 1, 1947 (L. 1947, ch. 778, § 883, subd. 8, par. b)......................................... | | 150.00 |
| Annual salary of June 30, 1945 (see * above)........ | $2,400.00 | |
| Total increases directed (L. 1947, ch. 778).......... | 600.00 | |
| Annual salary for the school year commencing July 1, 1947 (excluding the $200 for extra preparation)... | $3,000.00 | $3,000.00 |

The parties differ in the first instance in that plaintiff claims that his annual salary on June 30, 1945, was $2,500 made up of the annual salary of $2,400 effective in February, 1945, and the $100 additional salary for the year 1945, pursuant to a

resolution of the Common Council of December 28, 1944, while the defendant claims it to be $2,400 by using the sum of money actually received by plaintiff for the school year of 1944–1945, beginning in September and ending in June, which was $2,350, because the increase of $100 for the year 1945 had been paid to him for but one-half of that school year and the fact that but two quarterly payments of the $100 increase for the year 1945 only had been paid up to June 30, 1945.

We cannot agree with those contentions of the defendant to the effect that the annual salary of plaintiff as of June 30, 1945, was $2,350 and hold to the opinion that it was $2,500 as of that date, regardless of what it had been at any time prior thereto.

Judgment should be granted, with costs, to the effect that,

1. The plaintiff's annual salary as of June 30, 1945, was $2,500.

2. That the plaintiff's aggregate annual compensation, including any increments and temporary increases received through June 30, 1947, and including any increment due on July 1, 1947, pursuant to local salary schedules in effect prior to that date was $3,000.

3. That plaintiff's aggregate annual compensation on June 30, 1947, including increments and emergency increases received prior to that date did not exceed his salary of June 30, 1945, by at least $600 per annum.

4. That plaintiff is entitled to an additional increase on July 1, 1947, of $100 to bring such increase to a total of $600 or a total salary of $3,100.

5. That in addition thereto the plaintiff is entitled to be paid the increment of $100 which became due July 1, 1947, pursuant to local salary schedules in effect prior to that day, plus the sum of $200 for the fifth year of preparation, being thirty semester hours of approved study over the amount required for a baccalaureate degree, making a total salary for the year commencing July 1, 1947, of $3,400.

6. That the said sum of $3,400 shall constitute the base upon which plaintiff's increments in ensuing years shall be computed.

7. That plaintiff is entitled to be placed in " Step 7 (2) " of the salary schedules adopted by the defendant under date of July 2, 1947, appearing under paragraph VI of the agreed statement of facts.

All concur; LARKIN, J., not voting. Present — TAYLOR, P. J., DOWLING, HARRIS, LARKIN and LOVE, JJ.

Submitted controversy determined in favor of plaintiff, without costs.