Perez v Y & M Transp. Corp. (2023 NY Slip Op 04675)

Perez v Y & M Transp. Corp.

2023 NY Slip Op 04675

Decided on September 20, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 20, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
ROBERT J. MILLER
WILLIAM G. FORD
DEBORAH A. DOWLING, JJ.

2021-02890
 (Index No. 518884/20)

[*1]Pauline Perez, respondent, 
v
Y & M Transportation Corporation, et al., appellants, et al., defendant.

Milman Labuda Law Group, PLLC, Lake Success, NY (Jamie S. Felsen of counsel), for appellants.
The Cochran Firm (Joshua Annenberg, New York, NY, of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for employment discrimination on the basis of race and perceived disability in violation of the New York City Human Rights Law, the defendants Y & M Transportation Corporation and Lenny D'Amico appeal from an order of the Supreme Court, Kings County (Francois A. Rivera, J.), dated March 25, 2021. The order, insofar as appealed from, denied those branches of those defendants' motion which were pursuant to CPLR 3211(a) to dismiss the first, second, and third causes of action insofar as asserted against them.
ORDERED that the order is modified, on the law, by deleting the provision thereof denying that branch of the motion of the defendants Y & M Transportation Corporation and Lenny D'Amico which was pursuant to CPLR 3211(a) to dismiss the third cause of action insofar as asserted against the defendant Lenny D'Amico, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, with costs to the plaintiff.
The plaintiff commenced this action, inter alia, to recover damages for employment discrimination against, among others, her former employer, Y & M Transportation Corporation (hereinafter Y & M), and Lenny D'Amico, who was a manager at Y & M at the relevant time. The complaint alleged that the plaintiff is African-American and that she suffered discrimination on the basis of her race and perceived disability in violation of the New York City Human Rights Law (Administrative Code of City of NY § 8-101 et seq.; hereinafter NYCHRL). The first cause of action alleged disparate treatment and a hostile work environment, among other things. The second cause of action alleged retaliation. The third cause of action alleged aiding and abetting violations of the NYCHRL. Y & M and D'Amico (hereinafter together the defendants) moved pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against them. In an order dated March 25, 2021, the Supreme Court, inter alia, denied those branches of the defendants' motion which were to dismiss the first, second, and third causes of action insofar as asserted against them. The defendants appeal.
On a motion pursuant to CPLR 3211(a)(7) to dismiss the complaint for failure to state a cause of action, the court must give the complaint a liberal construction, accept the facts alleged therein as true, provide the plaintiff the benefit of every possible favorable inference, and "determine [*2]only whether the facts as alleged fit within any cognizable legal theory" (Leon v Martinez, 84 NY2d 83, 87-88; see Cortlandt St. Recovery Corp. v Bonderman, 31 NY3d 30, 38; EBC I, Inc. v Goldman, Sachs & Co., 5 NY3d 11, 19). "The ultimate question is whether, accepting the allegations and affording these inferences, 'plaintiff can succeed upon any reasonable view of the facts stated'" (Doe v Bloomberg L.P., 36 NY3d 450, 454, quoting Aristy-Farer v State of New York, 29 NY3d 501, 509).
The NYCHRL makes it unlawful for an employer or an employee or agent thereof, as relevant here, to discriminate against a person in the terms, conditions, or privileges of employment because of that person's actual or perceived race or disability (Administrative Code of City of NY § 8-107[1][a][3]), to retaliate or discriminate in any manner against a person because that person has opposed such discrimination (Administrative Code of City of NY § 8-107[7]), or to aid or abet another in such discrimination (Administrative Code of City of NY § 8-107[6]). A court must construe all provisions of the NYCHRL "broadly in favor of discrimination plaintiffs, to the extent that such a construction is reasonably possible" (Albunio v City of New York, 16 NY3d 472, 477-478; see Administrative Code of City of NY § 8-130; Golston-Green v City of New York, 184 AD3d 24, 34-35).
Here, the Supreme Court properly denied those branches of the defendants' motion which were to dismiss the first and second causes of action insofar as asserted against them. Accepting the facts as alleged in the complaint as true, and according the plaintiff the benefit of every possible favorable inference, the complaint sufficiently alleges disparate treatment under circumstances giving rise to an inference of discrimination based on the plaintiff's race and perceived disability (see Ayers v Bloomberg, L.P., 203 AD3d 872, 874; Golston-Green v City of New York, 184 AD3d at 36-38), a hostile work environment (see Golston-Green v City of New York, 184 AD3d at 42; Nelson v HSBC Bank USA, 87 AD3d 995, 999), and retaliation in violation of the NYCHRL (see Bilitch v New York City Health & Hosps. Corp., 194 AD3d 999, 1004; Keceli v Yonkers Racing Corp., 155 AD3d 1014, 1016).
However, as the plaintiff correctly concedes on appeal, the complaint fails to state a cause of action for aiding and abetting discrimination insofar as asserted against D'Amico, as he may not be held liable for aiding and abetting his own violation of the NYCHRL (see Hardwick v Auriemma, 116 AD3d 465, 468; cf. Matter of Medical Express Ambulance Corp. v Kirkland, 79 AD3d 886, 888; Strauss v New York State Dept. of Educ., 26 AD3d 67, 73). Accordingly, the Supreme Court should have granted that branch of the defendants' motion which was to dismiss the third cause of action insofar as asserted against D'Amico.
The defendants' remaining contentions are without merit.
BRATHWAITE NELSON, J.P., MILLER, FORD and DOWLING, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court