**56 E. Invs. LLC v Upreal Brooklyn LLC**

2024 NY Slip Op 31050(U)

March 28, 2024

Supreme Court, Kings County

Docket Number: Index No. 503964/2019

Judge: Leon Ruchelsman

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS : CIVIL TERM: COMMERCIAL PART 8
---------------------------------------------x
56 EAST INVESTORS LLC, individually as
well as derivatively on behalf of EAST
UPREAL LLC, and EAST UPREAL LLC,

                              Plaintiffs,          Decision and order

        - against -                               Index No. 503964/2019

UPREAL BROOKLYN LLC, DAVID GOLDBERGER,
EYAL YAGEV, BOAZ GILAD, ASSAF FITOUSSI
& BROOKLAND UPREAL LIMITED,                        March 28, 2024
                              Defendants,


        - against -

EAST UPREAL LLC,
                     Nominal Defendant,


---------------------------------------------x
PRESENT: HON. LEON RUCHELSMAN                      Motion Seq. #8


        The defendants David Goldberger and Eyal Yagev have moved

pursuant to CPLR §3211 seeking to dismiss the amended complaint.

The plaintiff opposes the motion.  Papers were submitted by the

parties and arguments held.  After reviewing all the arguments,

this court now makes the following determination.

        As recorded in prior orders, during 2014 the plaintiff 56 East

Investors LLC, which comprised eighteen individual investors,

invested over two million dollars in a real estate development

project located at 56 East 21st Street in Kings County.  Pursuant

to the operating agreement defendants David Goldberger and Eyal

Yagev were made managers of the plaintiff corporation.  Further, in

connection with the project East Upreal LLC was formed which had

two members, the plaintiff, 56 East Investors LLC and defendant

[* 1]

Upreal Brooklyn LLC a holding company owned by defendant Brookland Upreal Limited.

Essentially, the amended complaint alleges the defendants defrauded the plaintiff by failing to invest the funds and by committing waste, mismanagement, gross negligence and self-dealing. The amended complaint alleges the entire investment has been lost. The amended complaint alleges seven causes of action including breach of fiduciary duty directly and derivatively, fraud directly and derivatively, an accounting, breach of contract and conversion. The defendants have now moved, once again, seeking to dismiss the Complaint. While prior orders held that any Israeli settlement reached concerning the bankruptcy of defendant Brookland Upreal Limited, had no connection to the plaintiff herein, the defendants now argue that subsequent activity compels the dismissal of this action. Specifically, Guy Gissim the trustee of claims in the Israeli bankruptcy court entered into a creditor settlement agreement which among other relief provided a methodology of payment to creditors. Following that settlement all claims existing in New York were settled except the claims in this case. In 2022 Gissim commenced an action in Kings County and pursuant to that action the defendants assert the plaintiff in this case assigned all existing claims to Gissim and that all claims will be settled pursuant to Israeli law. Consequently, the defendants move seeking to dismiss this action. As noted, the motion is opposed.

2

[* 2]

Conclusions of Law

It is well settled that upon a motion to dismiss the court must determine, accepting the allegations of the complaint as true, whether the party can succeed upon any reasonable view of those facts (Perez v. Y & M Transportation Corporation, 219 AD3d 1449, 196 NYS3d 145 [2d Dept., 2023]). Further, all the allegations in the complaint are deemed true and all reasonable inferences may be drawn in favor of the plaintiff (Archival Inc., v. 177 Realty Corp., 220 AD3d 909, 198 NYS2d 567 [2d Dept., 2023]). Whether the complaint will later survive a motion for summary judgment, or whether the plaintiff will ultimately be able to prove its claims, of course, plays no part in the determination of a pre-discovery CPLR §3211 motion to dismiss (see, Lam v. Weiss, 219 AD3d 713, 195 NYS3d 488 [2d Dept., 2023]).

On July 20, 2023 the plaintiff in this action, referred to as 'Investors', assigned "(I) all of Investors' rights, title and interest in East Upreal LLC; (ii) any claims (known and unknown) relating the Project, the Investors and/or East Upreal LLC Upreal Brooklyn LLC, Brooklyn Upreal Limited group of companies, its prior and current members and managers and their insurance company; (iii) any claims Investors asserted or could have asserted in the action styled, 56 East Investors, LLC, et al v. Upreal Brooklyn, LLC, et al. New York State Supreme Court, Kings County, Index No. 503964/2019" and further claims (see,

3

[* 3]

Assignment of Claims [NYSCEF Doc. No. 173]). Thus, by its plain tersm the plaintiff has assigned "any claims" asserted in this action. The plaintiff argues that "the assignment contained an annexed to the Gissim Settlement specifically contemplated the assignment and continuation of this Action by Gissin" (see, Memorandum in Opposition, page 2 [NYSCEF Doc. No. 178]). However, there can be no reasonable interpretation of the assignment wherein claims in this action were permitted to continue.

Next, the plaintiff argues that East Upreal LLC was not a party to the assignment and claims brought by East Upreal must continue. However, the assignment states that Investors assigned its interests in East Upreal. Further, the assignment states that any claims Investors or East Upreal maintains against many parties including the defendants David Goldberger and Eyal Yagev are hereby assigned to Gissim. Thus, any interests of East Upreal through its owner 56 East Investors LC have been assigned to Gissim. Consequently, there are no claims that East Upreal LLC may individually pursue against the defendants in this action.

Nor does CPLR §1018 demand a contrary result. CPLR §1018 permits a party in interest such as an assignee to continue a lawsuit in place of the original party. It does not stand for the proposition that when an assignment has been made transferring all interests to a third party that third party must

4

continue the lawsuit. Indeed, the posture of the opposition is curious. The plaintiff, owner of East Upreal assigned its interests in East Upreal and any claims against any of the defendants to Gissim. East Upreal, now denuded of any ability to pursue any claims, opposes the dismissal on the grounds it should be given the opportunity to pursue its claim in this action. That circular reasoning really has no legitimacy considering the assignment. Any claims are adequately protected by Gissim's pursuit of them in Israel. Therefore, there are no claims that can be pursued in this action. Consequently, the motion of the defendants seeking dismissal of the complaint is granted.

So ordered.

ENTER:

DATED: March 28, 2024
      Brooklyn N.Y.

_____
Hon. Leon Ruchelsman
JSC

5

[* 5]