**Pfanner v Anderson**

2024 NY Slip Op 32574(U)

July 25, 2024

Supreme Court, Kings County

Docket Number: Index No. 509781/2024

Judge: Leon Ruchelsman

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS : CIVIL TERM: COMMERCIAL 8
----------------------------------------x
ANDREAS PFANNER, POK MILL, LLC, and
POK1-3 GRAND LLC,

                          Plaintiff,          Decision and order

        - against -                           Index No. 509781/2024

ERIC GUSTAVE ANDERSON, URBAN GREEN
EQUITIES, LLC, POK MILL HOUSING
DEVELOPMENT FUND CORPORATION, POK 325
MAIN LLC, WALLACE CAMPUS MANAGER LLC,
                          Defendants,         July 23, 2024
----------------------------------------x
PRESENT: HON. LEON RUCHELSMAN                 Motion Seq. #4

The defendant Wallace Campus Manager LLC [hereinafter 'Wallace'] has moved pursuant to CPLR §3211 seeking to dismiss the seventh, eight and ninth causes of action of the amended complaint. The plaintiff has opposed the motion. Papers were submitted by the parties after reviewing all the arguments this court now makes the following determination.

According to the amended complaint the plaintiff Andreas Pfanner and the defendant Eric Gustave Anderson entered into a joint venture to purchase and operate real estate holdings including 325 Main Street Poughkeepsie, New York. On November 5, 2020 the property was purchased by defendant Wallace from defendant POK 325 Main LLC, an entity the plaintiff claims he partly owns. The amended complaint seeks to set aside that sale on the grounds it occurred without the plaintiff's knowledge or consent. Thus, the amended complaint asserts claims to cancel an easement in favor of Wallace, to set aside the sale of the property to Wallace and

[*1]

for tortious interference with economic benefit regarding that property. Wallace has now moved seeking to dismiss the three causes of action on the grounds they fail to allege any facts necessary to support the allegations.

## Conclusions of Law

It is well settled that upon a motion to dismiss the court must determine, accepting the allegations of the complaint as true, whether the party can succeed upon any reasonable view of those facts (Perez v. Y & M Transportation Corporation, 219 AD3d 1449, 196 NYS3d 145 [2d Dept., 2023]). Further, all the allegations in the complaint are deemed true and all reasonable inferences may be drawn in favor of the plaintiff (Archival Inc., v. 177 Realty Corp., 220 AD3d 909, 198 NYS2d 567 [2d Dept., 2023]). Whether the complaint will later survive a motion for summary judgment, or whether the plaintiff will ultimately be able to prove its claims, of course, plays no part in the determination of a pre-discovery CPLR §3211 motion to dismiss (see, Lam v. Weiss, 219 AD3d 713, 195 NYS3d 488 [2d Dept., 2023]).

Hercules Argyriou, a representative of Wallace submitted an affidavit and asserts that POK 325 Main LLC represented itself as the sole owner of the property and that defendant Anderson, who signed on behalf of the corporate entity had the authority to execute the contract. Thus, Wallace insists they are good faith

2.

purchasers and the lawsuit as to them must be dismissed. The plaintiff presents numerous arguments why the sale to Wallace should be voided. First, that Wallace knew Pfanner was an owner of the corporate entity and should have known that Anderson did not have sole authority to enter into the contract. Further, the plaintiff argues Wallace participated in the sale knowing of Pfanner's interests and ignoring them to Anderson's benefit. However, it is well settled that an "intended purchaser must be presumed to have investigated the title, and to have examined every deed or instrument properly recorded, and to have known every fact disclosed or to which an inquiry suggested by the record would have led" (Fairmont Funding Ltd., v. Stefansky, 301 AD2d 562, 754 NYS2d 54 [2d Dept., 2003]). "If the purchaser fails to use due diligence in examining the title, he or she is chargeable, as a matter of law, with notice of the facts which a proper inquiry would have disclosed" (id).

In this case there are no inquiries or investigations which Wallace should have undertaken. Wallace was presented with a contract and all the indicia of ownership on the part of POK 325 Main LLC and Anderson. There was no basis for Wallace to wonder and then inquire whether Anderson, in fact, had the authority to engage in the sale or to engage in further diligence (cf., Emigrant Bank v. Drimmer, 171 AD3d 1132, 99 NYS3d 79 [2d Dept., 2019]). Thus, the affidavit of Mr. Argyriou unmistakably demonstrate that Wallace had no knowledge of Pfanner, had no reason to have knowledge of Pfanner and did not fail to exercise due diligence by

3

[*3]

not making any further inquiries. Therefore, Wallace was a bona fide purchaser as a matter of law.

The plaintiff argues that Wallace received the property through Anderson's fraudulent means. It is true that one cannot be a bona fide purchaser through a forged deed and that such forged deed does not convey title (Public Administrator of Kings County v. Evans, 298 AD2d 512, 750 NYS2d 301 [2d Dept., 2002]). In Faison v. Lewis, 25 NY3d 220, 10 NYS3d 185 [2015] the Court of Appeals explained that a deed that contains a forged signature is a fraudulent deed which conveys no title. However, a deed "where the signature and authority for conveyance are acquired by fraudulent means" is voidable and does convey good title. The court stated that a deed containing the title holder's actual signature reflects "the assent of the will to the use of the paper or the transfer, although it is assent induced by fraud mistake or misplaced confidence" (id). Consequently, such a deed "clothed with all the evidences of good title, may incumber the property to a party who becomes a purchaser in good faith" (id). Therefore, in Shau Chung Hu v. Lowbet Realty Corp., 161 AD3d 986, 78 NYS3d 150 [2d Dept., 2018] the court held an individual who executed a deed obtained by fraudulent means could convey the deed to the bona fide purchasers since there was no allegation the individual's signature was forged.

Likewise, in this case, there is no allegation Anderson's signature was forged, rather that he lacked authority to transfer the property to Wallace. Even if true, and Pfanner can pursue such

4

[*4]

claims against Anderson, that does not render the deed void, making possession by Wallace unlawful. Rather, Wallace maintains valid title since such title was obtained by them from Anderson who, it is alleged, only utilized fraudulent means to obtain any authority himself. In these circumstances, if true, Anderson maintained voidable title and thus Wallace obtained good title.

A careful reading of the opposition to the motion to dismiss demonstrates the plaintiff does not fully oppose the arguments presented in this decision. The plaintiff does accuse Wallace of engaging in the fraud together with Anderson, however, the amended complaint asserts no such facts and they are completely conclusory and speculative. To be sure, Pfanner's chief complaint is with Anderson and therefore, the lawsuit should focus upon Anderson and not Wallace.

Therefore, the causes of action that pertain to Wallace are all dismissed. Since the only causes of action pertaining to Wallace are dismissed there is no cause for Wallace to answer claims that only pertain to Anderson.

Moreover, there is no merit to the rescission claim. "In order to justify the intervention of equity to rescind a contract, a party must allege fraud in the inducement of the contract; failure of consideration; an inability to perform the contract after it is made; or a breach in the contract which substantially defeats the purpose thereof" (Babylon Associates v. County of Suffolk, 101 AD2d 207, 475 NYS2d 869 [2d Dept., 1984]). As noted, none of those elements are present in this case.

5

Consequently, Wallace's motion seeking dismissal of the seventh, eight and ninth causes of action of the amended complaint is granted.

So ordered.

ENTER:

DATED: July 25, 2024
       Brooklyn N.Y.

Hon. Leon Ruchelsman
JSC

[* 6]