Pascall v New York City Tr. Auth. (2024 NY Slip Op 04466)

Pascall v New York City Tr. Auth.

2024 NY Slip Op 04466

Decided on September 18, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 18, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
DEBORAH A. DOWLING
HELEN VOUTSINAS, JJ.

2023-00587
 (Index No. 527322/21)

[*1]Lynette Pascall, respondent, 
v
New York City Transit Authority, et al., appellants, et al., defendants.

The Shanker Law Firm, P.C., New York, NY (Steven J. Shanker of counsel), for appellants.
Harmon, Linder, & Rogowsky (Mitchell Dranow, Sea Cliff, NY, of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injures, the defendants New York City Transit Authority, MTA, MTA Bus Company, and MABSTOA, appeal from an order of the Supreme Court, Kings County (Karen B. Rothenberg, J.), dated November 28, 2022. The order, insofar as appealed from, denied that branch of those defendants' motion which was pursuant to CPLR 3211(a)(7) to dismiss the cause of action alleging vicarious liability under the doctrine of respondeat superior insofar as asserted against them.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff allegedly was injured when she fell while she was a passenger inside a vehicle operated by the defendant John Doe and owned by the defendant Steph Taxi Corp. The plaintiff commenced this action to recover damages for personal injuries against the defendants New York City Transit Authority, Metropolitan Transportation Authority, sued herein as MTA, MTA Bus Company, and Manhattan & Bronx Surface Transit Operating Authority, sued herein as MABSTOA (hereinafter collectively the MTA defendants), among other defendants. The plaintiff alleged, among other things, that the MTA defendants had hired Steph Taxi Corp. to provide transportation services to the plaintiff and that John Doe operated the vehicle with the knowledge, consent, and permission of the MTA defendants.
The MTA defendants moved, inter alia, pursuant to CPLR 3211(a)(7) to dismiss the cause of action alleging vicarious liability under the doctrine of respondeat superior insofar as asserted against them. In an order dated November 28, 2022, the Supreme Court, among other things, denied that branch of the MTA defendants' motion. The MTA defendants appeal.
"On a motion pursuant to CPLR 3211(a)(7) to dismiss the complaint for failure to state a cause of action, the court must give the complaint a liberal construction, accept the facts alleged therein as true, provide the plaintiff the benefit of every possible favorable inference, and 'determine only whether the facts as alleged fit within any cognizable legal theory'" (Perez v Y & M Transp. Corp., 219 AD3d 1449, 1450, quoting Leon v Martinez, 84 NY2d 83, 87-88). "'The ultimate question is whether, accepting the allegations and affording these inferences, plaintiff can succeed upon any reasonable view of the facts stated'" (Perez v Y & M Transp. Corp., 219 AD3d at 1450-1451, quoting Doe v Bloomberg L.P., 36 NY3d 450, 454 [internal quotation marks omitted]). "Dismissal is 'warranted if the plaintiff fails to assert facts in support of an element of [*2]the claim, or if the factual allegations and inferences to be drawn from them do not allow for an enforceable right of recovery'" (Browne v Lyft, Inc., 219 AD3d 445, 446, quoting Connaughton v Chipotle Mexican Grill, Inc., 29 NY3d 137, 142).
"'Pursuant to the doctrine of respondeat superior, an employer is vicariously liable for torts committed by an employee within the scope of employment and in furtherance of the employer's business'" (Everett v Eastchester Police Dept., 127 AD3d 1131, 1133, quoting Nerey v Greenpoint Mtge. Funding, Inc., 116 AD3d 1015, 1016). "The determination of whether an employer-employee relationship exists turns on whether the alleged employer exercises control over the results produced, or the means used to achieve the results. Control over the means is the more important consideration" (Abouzeid v Grgas, 295 AD2d 376, 377; see Fenster v Ellis, 71 AD3d 1079, 1080). "An employee's actions fall within the scope of employment where the purpose in performing such actions is to further the employer's interest, or to carry out duties incumbent upon the employee in furthering the employer's business" (Montalvo v Episcopal Health Servs., Inc., 172 AD3d 1357, 1359 [internal quotation marks omitted]; see Browne v Lyft, Inc., 219 AD3d at 446).
Here, the Supreme Court properly denied that branch of the MTA defendants' motion which was pursuant to CPLR 3211(a)(7) to dismiss the cause of action alleging vicarious liability under the doctrine of respondeat superior insofar as asserted against them. Affording the plaintiff the benefit of every possible favorable inference, the plaintiff alleged facts that fit within the cognizable legal theory of respondeat superior (see R.H. Sanbar Projects v Gruzen Partnership, 148 AD2d 316, 318).
In view of our determination, we need not reach the plaintiff's remaining contentions.
DILLON, J.P., MILLER, DOWLING and VOUTSINAS, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court