| |
|---|
| **Roytman v Gluzman** |
| 2024 NY Slip Op 33870(U) |
| October 29, 2024 |
| Supreme Court, Kings County |
| Docket Number: Index No. 505903/2024 |
| Judge: Leon Ruchelsman |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS : CIVIL TERM: COMMERCIAL 8
------------------------------------------------x
MIKHAIL ROYTMAN and ANATOLY
VOSKOBOYNIK,

                    Plaintiffs,      Decision and order

      - against -             Index No. 505903/2024

SUZANNA GLUZMAN,

                 Defendant,      October 29, 2024
------------------------------------------------x
PRESENT: HON. LEON RUCHELSMAN      Motion Seq. #1 & #2

The defendant has moved pursuant to CPLR §3211 seeking to dismiss the complaint for the failure to allege any causes of action. The plaintiff has cross-moved seeking to amend the complaint. The motions have been opposed respectively. Papers were submitted by the parties and arguments were held. After reviewing all the arguments this court now makes the following determination.

According to the complaint, the two plaintiffs owned fifty percent and the defendant owned fifty percent of a pharmacy located at 1604 Avenue M in Kings County. In late 2022 the defendant, the supervising pharmacist informed the plaintiffs she no longer wished to work at the pharmacy. The plaintiffs, who are not pharmacists, hired non-party Michele Shulman as the supervising pharmacist. Thus, on January 25, 2023 Shulman and plaintiff Roytman as manager of the pharmacy entered into an employment agreement. Further, the three owners and Shulman entered into a Stock Purchase Agreement. The agreement provides that the pharmacy corporation consists of 200 shares and that 20%

[* 1]

or 40 shares would be sold to Shulman. The agreement provides that Gluzman would sell 20 shares, Roytman would sell 10 shares and Voskoboynik would sell 10 shares to Shulman by February 2024. The complaint alleges that Gluzman refused to sell her shares to Shulman. The first cause of action alleges breach of contract and further seeks specific performance, since withdrawn, requiring Gluzman to sell 20 shares to Shulman. The second cause of action alleges a breach of fiduciary duty. The third cause of action alleges a breach of the covenant of good faith and fair dealing. The defendant has now moved seeking to dismiss the complaint on the grounds it fails to allege any cause of action. As noted, the motion is opposed.

## Conclusions of Law

It is well settled that upon a motion to dismiss the court must determine, accepting the allegations of the complaint as true, whether the party can succeed upon any reasonable view of those facts (Perez v. Y & M Transportation Corporation, 219 AD3d 1449, 196 NYS3d 145 [2d Dept., 2023]). Further, all the allegations in the complaint are deemed true and all reasonable inferences may be drawn in favor of the plaintiff (Archival Inc., v. 177 Realty Corp., 220 AD3d 909, 198 NYS2d 567 [2d Dept., 2023]). Whether the complaint will later survive a motion for summary judgment, or whether the plaintiff will ultimately be

2

[*2]

able to prove its claims, of course, plays no part in the determination of a pre-discovery CPLR §3211 motion to dismiss (see, Lam v. Weiss, 219 AD3d 713, 195 NYS3d 488 [2d Dept., 2023]).

It is well settled that to succeed upon a claim of breach of contract the plaintiff must establish the existence of a contract, the plaintiff's performance, the defendant's breach and resulting damages (Harris v. Seward Park Housing Corp., 79 AD3d 425, 913 NYS2d 161 [1st Dept., 2010]). Therefore, where a plaintiff cannot demonstrate any damages were suffered the complaint fails to adequately allege any breach of contract claim (see, Tillage Commodities Fund L.P., v. SS&C Technologies Inc., 151 AD3d 607, 58 NYS3d 28 [1st Dept., 2017]). Again, in Milan Music Inc., v. Emmel Communications Booking Inc., 37 AD3d 206, 829 NYS2d 485 [1st Dept., 2007] cited by defendant the court stated that "without a clear demonstration of damages, there can be no claim for breach of contract" (id). However, the Second Department, in Perry v. McMahan, 164 AD3d 1488, 84 NYS3d 508 [2d Dept., 2018] held that "in breach of contract actions, actual damages are not an essential element, and nominal damages are recoverable to vindicate contract rights" (id). Again, in AB Oil Services Ltd., v. TCE Insurance Services Inc., 188 AD3d 624, 133 NYS3d 638 [2d Dept., 2021] the court held a cause of action for breach of contract should not be dismissed where no actual

3

[*3]

damages are alleged since nominal damages are always available. This may only afford the plaintiff with nominal damages as an eventual award since no actual damages are alleged (see, Ross v. Sherman, 95 AD3d 1100, 944 NYS2d 620 [2d Dept., 2012]). However, the absence of actual damages is not a basis upon which to dismiss the breach of contract cause of action. Therefore, the motion seeking to dismiss the first cause of action is denied.

Next, to succeed on a claim for breach of a fiduciary duty, a party must establish the existence of the following three elements: (1) a fiduciary relationship existed between plaintiff and defendant, (2) misconduct and (3) damages that were directly caused by the misconduct (Kurtzman v Bergstol, 40 AD3d 588, 835 NYS2d 644, 646 [2d Dept., 2007], see, Birnbaum v. Birnbaum, 73 NY2d 461, 541 NYS2d 746 [1989]). It is true that when a claim for breach of a fiduciary duty is merely duplicative of a breach of contract claim where they are based on the same facts and seek the same damage then the breach of fiduciary claim cannot stand (Pacella v. Town of Newburgh Volunteer Ambulance Corps. Inc., 164 AD3d 809, 83 NYS3d 246 [2d Dept., 2018]). Thus, any breach of fiduciary duty based upon the defendant's failure to sell the shares pursuant to the agreement is surely duplicative. However, the other allegations of interference with the operations of the business are different than the breach of contract allegations and can support claims for the breach of a fiduciary duty.

4

[* 4]

Consequently, the motion seeking to dismiss the second cause of action is denied.

Next, the third and last cause of action asserts a claim for the breach of the covenant of good faith and fair dealing. It is well settled that a cause of action is premised upon parties to a contract exercising good faith while performing the terms of an agreement (Van Valkenburgh Nooger & Neville v. Hayden Publishing Co., 30 NY2d 34, 330 NYS2d 329 [1972]). However, that cause of action is not applicable when it is duplicative of a breach of contract claim (P.S. Finance LLC v. Eureka Woodworks Inc., 214 AD3d 1, 184 AD3d 114 [2d Dept., 2023]).

This claim is entirely duplicative of the breach of contract cause of action. Consequently, the motion seeking to dismiss this cause of action is granted.

The plaintiff has moved seeking to amend the complaint, however, did not actually propose any specific amendments and merely sought amendments in the abstract. The court cannot grant any such amendments that are not clearly defined. Therefore, the motion seeking to amend the complaint is denied at this time without prejudice.

So ordered.

ENTER:

DATED: October 29, 2024
      Brooklyn N.Y.

Hon. Leon Ruchelsman
JSC

5

[* 5]