## Birkla v Cincinnati Terrace Assoc., LLC

2024 NY Slip Op 34365(U)

December 16, 2024

Supreme Court, Kings County

Docket Number: Index No. 503919/2024

Judge: Leon Ruchelsman

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS : CIVIL TERM: COMMERCIAL 8
-----------------------------------------x
ANTHONY BIRKLA, BIRKLA INVESTMENT
GROUP, LLC, AND CINCINNATI
DEVELOPMENT III LLC,

                  Plaintiff,      Decision and order

     - against -           Index No. 503919/2024

CINCINNATI TERRACE ASSOCIATES, LLC,
CINCINNATI TERRACE PLAZA, LLC, EZRA
UNGER, AND TBG FUNDING LLC,

               Defendants,     December 16, 2024
-----------------------------------------x
EZRA UNGER,

            Third-Party Plaintiff,

     -against-

TBG FUNDING LLC, CINCINNATI TERRACE
PROPERTY ASSOCIATES HOLDINGS, LLC,
YIELDSTREET INC, CHARLES SCHARF, ALLAN J.
WEISS, VICTOR STREICHER, JOEL GOLDBERGER,
WILLY BEER,

            Third-Party Defendants.
-----------------------------------------x
CINCINNATI TERRACE MEMBER LLC,

            Second Third-Party Plaintiff,

     -against-

TBG FUNDING LLC, CINCINNATI TERRACE
PROPERTY ASSOCIATES HOLDINGS, LLC,
YIELDSTREET INC, CHARLES SCHARF, ALLAN J.
WEISS, VICTOR STREICHER, JOEL GOLDBERGER,
WILLY BEER,

            Second Third-Party Defendants.
-----------------------------------------x
PRESENT: HON. LEON RUCHELSMAN

               Motion Seq. #2, #3,
               #4, #5 & #6


     The defendant TBG Funding LLC has moved pursuant to CPLR

§3211 seeking to dismiss the fifth and sixth causes of action.

The defendant TBG and third party defendant Yieldstreet Inc.,

have moved seeking to dismiss the third party complaint. The third party plaintiff has moved seeking to amend the complaint and the third party defendants have moved seeking to dismiss the third party complaint. The motions have been opposed respectively. Papers have been submitted by the parties and arguments held. After reviewing all the arguments this court now makes the following determination.

According to the amended complaint, on June 1, 2018 an entity called Cincinnati Development III LLC operated by plaintiff Anthony Birkla, as purchaser, entered into an agreement with Cincinnati Terrace Plaza LLC to purchase property located at 15 W. Sixth Street, Cincinnati, Ohio. On June 9, 2021 Cincinnati Terrace Plaza LLC declared bankruptcy and pursuant to that bankruptcy an auction of the property was conducted and third defendant TBG Funding LLC, who held a mortgage in the property was entitled to credit bid the amount of its debt. TBG assigned its rights to the credit bid to an entity called Hamilton Land Reutilization Corporation [hereinafter HLRC] pursuant to an agreement dated August 8, 2022 which required HLRC to pay TBG the sum of one million dollars. The plaintiffs guaranteed that payment to TBG. Thus, essentially, TBG allowed HLRC to purchase the property at a bankruptcy auction and then transfer the property to the plaintiffs. Indeed, the property was ultimately transferred to Cincinnati Development III LLC. The plaintiffs

2

[* 2]

now allege that upon receiving the property they were not aware of outstanding energy bills in the amount of $724,588.73. They allege that TBG had an obligation to inform HLRC of these outstanding bills and the failure to do so was a material omission under the guaranty. This action was instituted and the plaintiffs have asserted causes of action for breach of contract, breach of warranty, a breach of good faith and fair dealing and negligent misrepresentation. As noted, TBG held a mortgage on the Ohio property following a loan made to defendant Cincinnati Terrace Associates LLC. TBG successfully sought foreclosure of that mortgage in Ohio and obtained a judgement. A third party action has been filed against TBG by Ezra Unger the managing member of Cincinnati Terrace Associates LLC. The third party action alleges that Cincinnati Development III LLC interfered with the ownership rights of Cincinnati Terrace Associates by filing an improper notice of pendency. The third party complaint alleges causes of action against TBG for breach of contract and fraud. The basis for the breach of contract claim is the allegation that an affiliate of TBG did not extend Unger and his entities an extension in which to participate in a buy-back agreement. The basis for the fraud claim is the allegation TBG prohibited Unger from adjudicating its claims in a religious forum and misrepresented the nature of the foreclosure to earn higher interest improperly.

3

TBG has now moved seeking to dismiss the two causes of action of the original complaint and the third party complaint. As noted, the motions are opposed.

### Conclusions of Law

It is well settled that upon a motion to dismiss the court must determine, accepting the allegations of the complaint as true, whether the party can succeed upon any reasonable view of those facts (Perez v. Y & M Transportation Corporation, 219 AD3d 1449, 196 NYS3d 145 [2d Dept., 2023]). Further, all the allegations in the complaint are deemed true and all reasonable inferences may be drawn in favor of the plaintiff (Archival Inc., v. 177 Realty Corp., 220 AD3d 909, 198 NYS2d 567 [2d Dept., 2023]). Whether the complaint will later survive a motion for summary judgment, or whether the plaintiff will ultimately be able to prove its claims, of course, plays no part in the determination of a pre-discovery CPLR §3211 motion to dismiss (see, Lam v. Weiss, 219 AD3d 713, 195 NYS3d 488 [2d Dept., 2023]).

It is well settled that to support a claim for negligent misrepresentation, the plaintiff must demonstrate the existence of a special relationship imposing a duty upon the defendant to impart correct information, that the information was incorrect and there was reasonable reliance upon the information (Ginsburg Development Companies LLC v. Carbone, 134 AD3d 890, 22 NYS3d 485

4

[*4]

[2d Dept., 2015]).  Likewise, this cause of action can be based upon an omission (Abu Dhabi Commercial Bank v. Morgan Stanley & Company, 910 F.Supp2d 543 [S.D.N.Y. 2012]).  However, no such omission occurred in this case.  The assignment agreement between TBG and HLRC which then inured to the plaintiffs states that HLRC "has adequate information concerning the business and financial condition of the Borrower and the Property as to make an informed decision regarding the purchase of the Credit Bid and has independently and without reliance upon the Assignor undertaken its own inspection, review and evaluation of the Loan Documents, the Foreclosure Judgment and the Bankruptcy Litigation and has not, in any way, relied upon any assurances, representations or warranties, express or implied, oral or written, made by the Assignor or any of its officers, agents or employees of any kind, and based on such information as the Assignee has deemed appropriate, made its own analysis and decision to purchase the Credit Bid" (see, Assignment of Bid Agreement, ¶3(a) [NYSCEF Doc. No. 3]).  Thus, "where a party specifically disclaims reliance upon a representation in a contract, that party cannot, in a subsequent action for fraud, assert it was fraudulently induced to enter into the contract by the very representation it has disclaimed" (Grumman Allied Industries Inc., v. Rohr Industries Inc., 748 F2d 729 [2d Cir 1984], see, also, Danann Realty Corp. v. Harris, 5 NY2d 317, 184 NYS2d 599 [1959]).  This same

5

[*5]

limitation applies in cases of negligent misrepresentation as well which share common features with fraud and are often analyzed together (see, Mayaguez S.A., Citibank N.A., 2022 WL 901627 [S.D.N.Y. 2022]). Therefore, the plaintiffs cannot allege TBG "omitted" the existence of any energy bills when HLRC expressly agreed they had all the information they needed to purchase the credit bid and did not, in any way, base its decision upon any assurances, representations or warranties of TBG. Furthermore, "in order for Plaintiffs' fraud-based claims to be barred, therefore, Defendant must show that the non-reliance clauses at issue are "adequately specific"—meaning that they contain "explicit disclaimers" of the "particular representations" that form the basis of Plaintiffs' fraud claims" (see, Le Metier Beauty Investment Partners LLC v. Metier Tribeca LLC, 2015 WL 769573 [S.D.N.Y. 2015]). Thus, when misrepresentations are alleged concerning the financial stability of the entity in question then merely disclaiming "any misrepresentations" will be too general to preclude any claims of misrepresentation (id). In this case, the substance of HLRC's non-reliance, namely the financial condition of the property, perfectly tracks the claims alleged here, unpaid energy bills. HLRC claimed that it had all the information it needed concerning the financial condition of the property and was not relying upon any of TBG's warranties in any way. That is surely specific

6

6 of 12

since it relates to the financial condition of the property.

The first amended complaint alleges that "Plaintiffs could not have, with reasonable diligence, discovered these utility bills, given that the Property was subject to a bankruptcy proceeding in state court and financed through the Cincinnati Port Authority, yet no claim for the Duke bills was ever presented or disclosed to Plaintiffs at any point in the bankruptcy proceeding" (see, First Amended Complaint, ¶24 [NYSCEF Doc. No. 19]). However, that allegation entirely contradicts the thrust of the assignment agreement wherein HLRC specifically asserted there was no further information they needed to accept the assignment. Indeed, if the plaintiffs would be permitted to pursue claims against TBG then the representations of the assignee HLRC contained in the assignment agreement would be rendered entirely hollow, an untenable position.

Likewise, the cause of action alleging a breach of the covenant of good faith and fair dealing on the grounds TBG failed to deliver the property free of any encumbrances is similarly without merit. As noted, HLRC accepted the property pursuant to their own internal investigations about its financial stability. No cause of action is possible against TBG.

Therefore, based on the foregoing the motion seeking to dismiss the negligent misrepresentation claim and the breach of the covenant of good faith and fair dealing asserted against TBG

7

is granted.

Turning to the motion seeking to dismiss the third party complaint, it is well settled that such third party complaint may only be filed against one "who is or may be liable to that defendant for all or part of the plaintiff's claim against that defendant" (CPLR §1007). The practice commentaries explain that "in essence, impleader supports claims based on a right of reimbursement, in whole or in part, for the damages that the defendant may owe the plaintiff. Thus, some form of claim-over liability is a prerequisite to impleader" (see, Practice Commentaries, C1007:3 Scope of Impleader Under CPLR 1007). In George Cohen Agency Inc., v. Donald S. Perlman Agency Inc., 51 NY2d 358, 434 NYS2d 189 [1980] the Court of Appeals noted that third party practice has "grown beyond its early limitations and should now be seen primarily as a tool for economical resolution of interrelated lawsuits" (id). However, the Practice Commentaries note that "it bears emphasizing, however, that CPLR 1007 does not authorize the joinder of claims or parties simply on the basis of common questions of law or fact raised by related transactions or occurrences" (id). Thus, even where claims are related, if the causes of action of the third party complaint have nothing to do with the claims asserted against the defendant in the main action then the third party complaint is improper (Galasso, Langione & Botter, LLP v. Liotti, 81 AD3d 880, 917

8

[*8]

NYS2d 664 [2d Dept., 2011]). Therefore, the motion seeking to dismiss the third party complaint is granted.

The next question that must be addressed is whether the court, in its discretion, should sever the third party complaint and permit the claims to proceed as an independent action (see, Qosina Corp., v. C&N Packaging Inc., 96 AD3d 1032, 946 NYS2d 308 [2d Dept., 2012]). Thus, the court must evaluate whether the causes of action contained within the third party complaint would survive a motion to dismiss.

Res judicata is a doctrine that comprises both claim preclusion and issue preclusion which is also known as collateral estoppel (see, Paramount Pictures Corporation v. Allianz Risk Transfer AG, 31 NY3d 64, 73 NYS3d 472 [2018]). "To establish claim preclusion, a party must show: (1) a final judgment on the merits, (2) identity or privity of parties, and (3) identity of claims in the two actions" (id). Collateral estoppel or issue preclusion generally prevents a party from relitigating an issue in a subsequent action that was clearly raised and decided against that party (Simmons v. Trans Express Inc., 37 NY3d 107, 148 NYS3d 178 2021]).

The defendants argue that the claims sought in the third party complaint are barred since they could have been raised in the foreclosure action wherein TBG foreclosed upon a mortgage of Cincinnati Terrace Associates [hereinafter 'CTA']. Cincinnati

9

[*9]

Terrace Member LLC [hereinafter 'TCM'] the second third party plaintiff and the entity owned by Unger the third party plaintiff asserts it had no privity with CTA and in the foreclosure action could not raise any of the issues raised here. However, in the foreclosure action Unger submitted an affidavit in opposition to the motion seeking summary judgement. The first paragraph states that "I am the Managing Member of Cincinnati Terrace Member LLC ("Terrace Member"). As Terrace Member's Managing Member, I was heavily involved with Terrace Member's purchase of Cincinnati Terrace Associates, LLC ("CTA"), and the real property that is the subject of this action. Additionally, I was heavily involved in negotiating the financing for those purchases with TBG Funding, LLC("TBG")" (see, Affidavit of Ezra Unger, ¶1 of Affidavit dated February 5, 2020 [NYSCEF Doc. No. 40]). Further, Stephen Friedman counsel for CTM also submitted an affidavit in opposition to the motion for summary judgement in the foreclosure action (see, NYSCEF Doc. No. 54).

Unger downplays the significance of these affidavits by arguing that "the foreclosure action was not Unger/CTM case in any legal or functional sense" (see, Affirmation in Opposition, ¶32 [NYSCEF Doc. No. 50]). While it is true that Unger's affidavit in the foreclosure action focused upon other issues, nevertheless, it is inaccurate to portray Unger as someone without any privity with CTA. In fact, Friedman's affidavit

10

discussions and negotiations with a commercial lender, TBG Funding, LLC ("TBG"), to help finance the acquisition of the membership interests, and TBG agreed to provide the financing to Member for the acquisition of the membership interests and the Property" (see, Affidavit of Stephen Friedman, ¶5 [NYSCEF Doc. No. 54]). The mere fact Unger chose to focus upon arguments related to the characterization of payments made and whether they constituted interest does not mean Unger could not have also raised issues regarding the buy-back agreement. Surely, Unger had the ability and the privity to make such arguments. Consequently, Unger is barred from raising these issues at this time.

Thus, the three causes of action are consequently barred by the determination of the foreclosure action. Therefore, there are no grounds in which to sever these causes of action.

Likewise, the motion filed by defendant Weiss seeking to dismiss the fraud cause of action asserted against him in the third party complaint and the motions filed by defendants Scharf, Streicher, Goldberger and Beer seeking to dismiss the third party complaint are all granted.

Next, the motion seeking to amend the third party complaint to assert claims against Wachtel Missry LLP is denied. Likewise, the request to add CTM as a nominal defendant is denied. Moreover, the request to sever the action is denied. All these

11

[*11]

Moreover, the request to sever the action is denied.  All these claims are barred by the doctrine of res judicata.

So ordered.

ENTER:

DATED: December 16, 2024
       Brooklyn, NY

_____
Hon. Leon Ruchelsman
JSC

12

[* 12]